# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Amir Golestan,<br><br>　　　　　　　　　　Debtor. | C/A No. 19-05657-jw<br><br>Chapter 11 |

## KRISTIN GOLESTAN'S LIMITED OBJECTION TO COUNSEL FOR DEBTOR'S MOTION TO WITHDRAW AS ATTORNEY

Kristin M. Golestan ("Mrs. Golestan") a creditor and interested party herein, by and through her undersigned counsel hereby files this limited objection to the Motion [Docket Entry No. 15 in this matter] of Campbell Law Firm, P.A. ("Debtor's Counsel") to Withdraw as Attorney for Amir Goleston (the "Debtor"). Mrs. Golestan does not object to Debtor's Counsel's withdrawal, but asserts that any such withdrawal should be conditioned upon: (a) the Debtor's Schedules and Statements, particularly Schedule A/B Questions 17 (on bank accounts) and 19 (on entities owned) and Schedule J (as to Domestic Support Obligations), being corrected and completed; (b) Debtor's Counsel providing Mrs. Golestan's counsel a copy of Debtor's retention agreement as offered in Debtor's filings before this Court; (c) substitute counsel being identified, employed, and fully up to speed in this case; and (d) completion of the currently scheduled Meeting of Creditors and 2004 Examination of the Debtor on December 2, 2019.

In support of this limited objection, Mrs. Golestan states the following:

## BACKGROUND

1.　　On February 20, 2019, some eight (8) months prior to the filing of this bankruptcy, the Family Court for the Ninth Judicial Circuit in Charleston County, South Carolina entered a *Pendente Lite* Order in the divorce proceedings initiated by Mrs. Golestan against the Debtor.

2.　　The *Pendente Lite* Order contains provisions for the temporary joint custody of the parties' minor children, for Debtor's continuing payments of certain family insurances and insurances, utilities, and taxes related to the Tradd Street property and vehicle used by Mrs. Golestan, for Debtor's monthly payment of Domestic Support Obligations to Mrs. Golestan, the appointment of, and payment of $3,000 per month to, a Guardian *ad Litem* and, as an additional

Domestic Support Obligation, the payment of $295,000 toward Mrs. Golestan's attorney and accounting fees. The *Pendente Lite* Order is attached hereto as **Exhibit A**.

3. The Debtor failed to comply with the payments required by Family Court's *Pendente Lite* Order.[1] On October 4, 2019, the Family Court entered a Contempt Order, finding Debtor chose to pay $768,000 to many others instead of paying the Domestic Support Obligations in the *Pendente Lite* Order. The Family Court found Debtor in contempt and required Debtor's confinement in the Charleston County Detention Center if he failed to purge his contempt by paying court ordered payments aggregating $299,500 within sixty days of August 28, 2019. The Contempt Order is attached hereto as **Exhibit B**.

4. On October 28, 2019 at 4:19 p.m. (the "Petition Date"), just as the Debtor's time for purging himself of contempt of the family Court's orders expired and just prior to issuance of a bench warrant for his confinement in the Charleston County Detention Center, the Debtor filed his bankruptcy petition through counsel who now seeks leave to withdraw.

5. The Debtor filed only a bare bones chapter 11 petition and waited until the last of the 14 days allowed by Fed.R.Bankr.P. 1007(c) to file his detailed schedules in this matter.

6. The Debtor's bankruptcy schedules [Docket Entry No. 13 in this matter] fail to: (a) disclose all known accounts in Schedule A/B Question 17, specifically including, but not limited to, multiple Paypal accounts controlled by Debtor; (b) fully and adequately disclose Debtor's ownership interests in numerous business entities in Schedule A/B Question 19; and (c) disclose the Debtor's Family Court ordered Domestic Support Obligations in Schedule J. The bankruptcy schedules indicate, at least as to certain of the businesses listed in Schedule A/B Question 19, the Debtor's intention to file descriptive Exhibits relating to the assets and liabilities of such entities. However, the Debtor has failed to file such Exhibits to date or to provide the basis of his valuations for any of the entities.

7. Debtor's bankruptcy schedules indicate that a copy of his retention agreement with Debtor's counsel is available upon request. The undersigned has requested this document verbally and in writing, but Debtor's Counsel has failed to provide it.

---

[1] The Debtor continues his failure to make his Court ordered Domestic Support Obligation payments post-petition as well.

## LIMITED OBJECTIONS

8. When one considers the close juxtaposition of timing on issuance of a bench warrant to enforce the Debtor's contempt in family Court with the date and timing of the bankruptcy filing, and one further considers the omissions, failures, and conduct of debtor both prepetition and postpetition, it is difficult to escape a presumption that this is a bad faith filing. *See In re Lockhart*, 2017 WL 187560, p. 4 (Bankr. W.D.Ky. Jan. 17, 2017) (finding that using a bankruptcy filing as a litigation tactic to avoid a family court contempt order constituted a "bad faith" filing).

9. Debtor should not now be allowed to further delay any matters in this case by way of his termination of counsel. Specifically, the Meeting of Creditors and a Rule 2004 Examination of the Debtor are both scheduled for December 2, 2019, and the Debtor's choice to terminate counsel should not be allowed to delay these or any other matters pending in this case.

WHEREFORE, having shown the basis for her limited objection, Mrs. Golestan asserts that the relief sought in the Withdrawal Motion should be conditioned upon:

A) the Debtor's Schedules and Statements being timely corrected and completed;

B) Debtor's Counsel providing Mrs. Golestan's counsel a copy of Debtor's retention agreement as offered in Debtor's filings before this Court;

C) Substitute counsel being identified, employed, and fully up to speed in this case; and

D) Completion of the scheduled Meeting of Creditors and 2004 Examination of the Debtor on December 2, 2019.

RESPECTFULLY SUBMITTED on this 20th day of November, 2019, at Columbia, South Carolina.

**McCARTHY, REYNOLDS, & PENN, LLC**

By: /s/G. William McCarthy, Jr.
 G. William McCarthy, Jr., I.D.#2762
 Daniel J. Reynolds, Jr., I.D.#9232
 *Attorneys for Kristin M. Golestan*
 1517 Laurel Street (29201)
 P.O. Box 11332
 Columbia, SC 29211-1332
 (803) 771-8836 (phone)
 (803) 753-6960 (fax)
 bmccarthy@mccarthy-lawfirm.com