**EXHIBIT B
(CONTEMPT ORDER)**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT OF THE |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |
| ) | CASE NO.: 2018-DR-10-4289 |
| KRISTIN M. GOLESTAN, ) | |
| ) | **ORDER OF CONTEMPT ON PLAINTIFF'S** |
| Plaintiff, ) | **PETITION FOR RULE TO SHOW CAUSE** |
| ) | **FILED ON MAY 7, 2019** |
| vs. ) | |
| ) | |
| AMIR GOLESTAN, ) | |
| ) | |
| Defendant. ) | |

HEARING DATE:            August 28, 2019
PRESIDING JUDGE:         Honorable Gordon B. Jenkinson
ATTORNEYS FOR PLAINTIFF: John O. McDougall
                         Marie-Louise Ramsdale
                         Jerry N. Theos
ATTORNEYS FOR DEFENDANT: James T. McLaren
                         Joshua M. Calder
GUARDIAN *AD LITEM*:     Maria S. Averill
COURT REPORTER:          DeeAnne Varnadoe

This matter came before the Court pursuant to Plaintiff's Petition for Rule to Show Cause filed on May 7, 2019 ("Plaintiff's Rule"). The Court granted a hearing on Plaintiff's Rule by Order dated May 8, 2019. Present at the hearing were Plaintiff; John O. McDougall, Marie-Louise Ramsdale, and Jerry N. Theos as Plaintiff's counsel; Defendant; James T. McLaren and Joshua M. Calder as Defendant's counsel; and the Guardian *ad Litem*. At the hearing, Defendant presented his Return to Plaintiff's Petition for Rule to Show Cause. After hearing the testimony of Defendant and Richard T. Livingston and reviewing all evidence admitted, the Court makes the following findings of facts and conclusions of law:

The Court finds that it has appropriate jurisdiction over the parties and the subject matter of this contempt proceeding, and that Defendant was provided adequate notice of the hearing as required by Rule 14(d), SCRFC.

At the call of the case, Plaintiff's counsel stipulated that Plaintiff was only seeking civil contempt sanctions against Defendant. At the start of Defendant's case Defendant's counsel referenced Defendant's Return and objected to proceeding on the ground that Plaintiff had not identified witnesses in response to discovery and that Defendant was therefore deprived of the opportunity to adequately prepare. Plaintiff's counsel responded that Plaintiff's counsel had filed a motion for a protective order as to discovery served on Plaintiff based upon Defendant's failure to pay court-ordered fees. The court overruled Defendant's objection to proceeding.

The Court finds that Plaintiff has proven by clear and convincing evidence that Defendant had the ability to pay the attorney's fees and expert fees court ordered at Paragraph 17 of the February 20, 2019 Pendente Lite Order. Defendant paid $768,000.00 to many other individuals and entities during this time period. Defendant failed to pay those court-ordered fees in violation of the Pendente Lite Order. The Court finds that Defendant is in willful contempt of court.

The Court finds that Plaintiff has proven by clear and convincing evidence that Defendant has failed to pay the furniture storage fees ordered at Paragraph 12 of the February 20, 2019 Pendente Lite Order and that Defendant had the ability to pay these fees. Therefore, Defendant owes the storage fee costs in the amount of $4,500.00. The Court finds that Defendant is in willful contempt of court.

This Court has considered all of the factors as set forth in E.D.M. v. T.A.M., 307 S.C. 471, 415 S.E.2d 812 (1992) and Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991) and their progeny. Specifically the Court finds that the nature of this case is quite complex; the fees charged are reasonable and customary for the services provided; the work was necessary to bring Plaintiff's Rule; and Plaintiff has obtained beneficial results. Moreover, it is the purpose of a contempt action to make Plaintiff "whole" in having to bring the contempt action. Had Defendant not willfully

violated the Pendente Lite Order, then Plaintiff would not have incurred attorney's fees and costs and expert fees and costs. Therefore, Defendant shall pay Plaintiff's attorney's fees and costs and expert fees and costs related to Plaintiff's Rule in the amount of $60,035.82.

Accordingly,

1. **IT IS HEREBY ORDERED** that Defendant is in willful civil contempt of court for his willful violations of the Pendente Lite Order as set forth above;

2. **IT IS FURTHER ORDERED** that within sixty days of August 28, 2019, Defendant shall pay the court-ordered storage fees in the amount of $4,500.00 directly to Plaintiff's counsel and the previously court-ordered attorney's fees and expert fees in the amount of $295,000.00 directly to Plaintiff's counsel;

3. **IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff's attorney's fees and costs and expert fees and costs related to Plaintiff's Rule in the amount of $60,035.82, which payment is due in full directly to Plaintiff's counsel within 120 days of the date of this hearing. This amount is in addition to the fees and costs ordered in Paragraph 2 above; and

4. **IT IS FURTHER ORDERED** that Defendant shall be confined to the Charleston County Detention Center for a period of sixty (60) days. Defendant may purge himself of contempt by paying in their entirety the monies set forth in Paragraph 2. If the entirety of monies set forth in Paragraph 2 above is not paid in full within sixty (60) days of August 28, 2019, then a bench warrant shall be issued in the State of South Carolina, and law enforcement is directed to make diligent search for Defendant and take him to the county jail, where he will be safely held until he may be brought before the Court or otherwise discharged by due course of law.

IT IS SO ORDERED!

_____
Honorable Gordon B. Jenkinson
Family Court Judge

This 26th day of September, 2019
Charleston, South Carolina

**CONTEMPT POWERS OF THE COURT**
**ANY VIOLATION OF THE TERMS OF THIS ORDER MAY SUBJECT THE VIOLATOR UP TO ONE (1) YEAR IN JAIL, UP TO $1,500.00 FINES, AND/OR UP TO 300 HOURS IN COMMUNITY SERVICE OR A COMBINATION OF ALL THREE.**