**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

|  |  |
|---|---|
| In re:<br><br>Amir Golestan,<br>　　　　　　　　Debtor. | Case No. 19-05657-jw<br>Chapter 11 |

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION FOR**
**APPROVAL OF EMPLOYMENT OF ATTORNEY**

　　　　The United States Trustee (the "UST") files this objection to the Application for Approval of Employment of Attorney filed on November 26, 2019 (the "Retention Application") (ECF Doc. No. 24) and states to the Court as follows:

　　　　1.　　　　The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on October 28, 2019. At that time, the Debtor was represented by The Campbell Law Firm, PA ("Campbell"). On October 30, 2019, the Debtor filed a retention application seeking Campbell's employment as Debtor's counsel. *See* ECF Doc. No. 6. On November 14, 2019, Campbell filed a motion to withdraw as attorney. *See* ECF Doc. No. 15. The hearing on the motion to withdraw is scheduled for December 11, 2019.

　　　　2.　　　　On November 20, 2019, the Court entered an order approving the Campbell retention application. *See* ECF Doc. No. 15.

　　　　3.　　　　On November 26, 2019, the Debtor filed a motion to retain Beal, LLC ("Beal") as his new bankruptcy counsel (the "Beal Retention Application"). The Beal Retention Application is supported by the Affidavit of Disinterestedness of Michael Beal. The Beal Retention Application provides that in the 90 days prior to the petition date, Beal received $0.00 as a retainer, and that the Debtor does not owe Beal any amount as of the date the case was filed. It

further provides that Beal received a retainer of $25,000 post-petition as a gift from Amin Golestan – the Debtor's brother – who is also a creditor of the Debtor. *See* ECF Doc. No. 24 at ¶ 22.

4. Finally, the Beal Retention Application indicates that "the "Debtor's parents have also guaranteed payment of Beal's unpaid fees and expenses in an amount not to exceed $25,000"). *Id.*

## ARGUMENT

5. Section 327(a) of the Bankruptcy Code provides in relevant part:

> Except as otherwise provided in this section, the trustee,[1] with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Professionals must be both disinterested and not hold or represent any adverse interest to the estate to be employed. The term "disinterested person" is defined in the Bankruptcy Code as "a person that (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

6. Section 327(a)'s prohibition of "[a]n interest adverse to the estate" has been construed strictly, and operates as a 'catch-all clause,' *In re Vebeliunas*, 231 B.R. 181, 191 n.10, 191-192 (Bankr. S.D.N.Y. 1999), *dismissed*, 246 B.R. 172 (S.D.N.Y. 2000), where any doubt

---

[1] Although Section 327(a) refers to "trustee," the rights, powers and duties of a trustee are conferred upon a debtor-in-possession. Fed. R. Bankr. P. 9001(11) ("'Trustee' includes a debtor in possession in a chapter 11 case.").

will result in disqualification.  *See In re Angelika Films 57th Inc.*, 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998).  The term adverse interest is not defined in the Bankruptcy Code.  However, a number of bankruptcy courts have defined it as meaning "either (1) the possession or assertion of any economic interest that would tend to lessen the value of the bankruptcy estate or create either an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate."  *In re Biddle*, C/A No. 12-05171-dd at 9 (Bankr. D.S.C. 12/7/12) (quoting *In re Byington*, 454 B.R. 648, 656 (Bankr. W.D. Va. 2011).

7. While the payment of a retainer or attorney fees by a third party is not a *per se* impermissible conflict of interest, courts usually review various factors in order to determine if a conflict of interest is created, including, among others, whether the third party understands that the attorney's duty of loyalty is owed exclusively to the debtor and the contractual arrangement concerning the fees.  *See In re Lar Dan Enterprises, Inc.,* 221 B.R. 93, 95 (Bankr. S.D. N.Y. 1998); *In re Kelton Motors, Inc*., 109 B.R. 641 (Bankr. D. Vt. 1989).

8. Here, the Debtor and his counsel have provided reassurance that the retainer was a gift from the Debtor's brother, and that Beal does not represent Amin Golestan.  However, there is no signed affidavit or declaration from the brother himself indicating whether Amin Golestan has retained separate counsel or whether he is seeking repayment for the retainer, which in itself would be troubling and would create a conflict of interest.

9. Counsel to the UST has been in communication with Debtor's counsel regarding the issues set forth above, and it is her understanding that an affidavit by Debtor's brother is forthcoming indicating that he understands that Beal is not representing him and that he is not seeking repayment of the $25,000 retainer.  To date, however, while a draft of the affidavit has been provided by Beal, the brother has yet to execute it given that he is currently overseas. To

the extent the executed affidavit is filed with the Court prior to a hearing date, the UST may withdraw his objection.

10. Moreover, it is not clear what it means that the "Debtor's parents have also guaranteed payment of Beal's unpaid fees and expenses in an amount not to exceed $25,000." To the extent the parents are extending a loan, a motion would have to be filed with the Court.

11. Lastly, while the UST has no other objection aside the concerns raised above, the UST wants to note that he has no objection to the Campbell motion to withdraw as counsel and, to the extent that the issues raised above are addressed in a satisfactory manner to the UST and the Court, has no issues with the substitution of counsel.

WHEREFORE, the UST requests that the Court enter an order denying the appointment of Beal as attorney for the debtor in possession if the issues raised herein are not properly addressed and granting such other and further relief as is just and appropriate.

John P. Fitzgerald, III
Acting United States Trustee, Region 4

By: /s/ Elisabetta G. Gasparini
Elisabetta G. Gasparini
Trial Attorney, Id. 11548
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5227
(803) 765-5260 (facsimile)
elisabetta.g.gasparini@usdoj.gov

Date: December 6, 2019

CERTIFICATE OF SERVICE
Case No: Case No. 19-05657-jw

I, the undersigned, do hereby certify that on the December 6, 2019, I served the below-named parties with copies of the following documents:

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEY**

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Michael M. Beal
Beal LLC
Post Office Box 1277
Columbia, South Carolina 29211

Amir Golestan
4639 Wilson Rd
Meggett, SC 29449

By:   /s/ Elisabetta G. Gasparini
Elisabetta G. Gasparini
Trial Attorney
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5227
(803) 765-5260 (facsimile)
elisabetta.g.gasparini@usdoj.gov

Date: December 6, 2019