**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 19-05657-jw |
| Amir Golestan, | Chapter 11 |
| Debtor. | NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY OF 11 U.S.C. § 362(a) |

**TO:    DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES**

PLEASE TAKE NOTICE THAT a hearing will be held on the attached motion on:

Date: **January 8, 2020**

Time: **10:30 a.m.**

Place: **United States Bankruptcy Court, 145 King Street, Room 225, Charleston, SC  29401**

Within fourteen (14) days after service of the attached Motion, and the Notice of Motion, the movants' Certification of Facts, any party objecting to the relief sought shall:

1)   File with the Court a written objection to the 11 U.S.C. §362 Motion;

2)   File with the Clerk of this Court a Certification of Facts;

3)   Serve on the movant items 1 & 2 above at the address shown below; and

4)   File a certificate of such service with the Clerk of this Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

DATE OF SERVICE:  December 16, 2019        /s/Daniel J. Reynolds, Jr._____
                                                                        Daniel J. Reynolds, Jr., I.D. #9232
                                                                        McCARTHY, REYNOLDS, & PENN, LLC
                                                                        *Attorney for Kristin M. Golestan*
                                                                        P. O. Box 11332
                                                                        Columbia, SC   29211-1332
                                                                        (803) 771-8836
                                                                        dreynolds@mccarthy-lawfirm.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 19-05657-jw |
| Amir Golestan, | Chapter 11 |
| Debtor. | |

## KRISTIN M. GOLESTAN'S MOTION FOR RELIEF FROM AUTOMATIC STAY

PLEASE TAKE NOTICE THAT the undersigned, on behalf of Kristin M. Golestan ("Movant"), hereby moves the Court for relief from the automatic stay (the "Motion") of 11 U.S.C. §362(a), by termination of the stay under 11 U.S.C. §§ 362(b)(2) and 362(d)(1), Fed. R. Bankr. P. 4001(a) and SC LBR 4001-1, in order to proceed with divorce proceedings against Amir Golestan (the "Debtor") in Charleston County Federal Court (the "Family Court"). In support of her Motion, Movant states the following:

### STATEMENT OF FACTS

1. The Debtor filed his bankruptcy petition at 4:19 p.m. on October 28, 2019 (the "Petition Date").

2. The Debtor filed his required schedules and statements (the "Bankruptcy Schedules") in this matter on November 11, 2019, but these schedules were inaccurate and incomplete.

3. To date, no trustee has been appointed in this case, and no statutory committee has been formed.

4. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(1). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (G).

### Family Court Proceedings and Orders

5. On February 20, 2019, some eight (8) months prior to the filing of this bankruptcy, the Family Court entered a *Pendente Lite* Order in the divorce proceedings initiated by Mrs. Golestan against the Debtor.

6. On February 20, 2019, some eight (8) months prior to the filing of this bankruptcy, the Family Court for the Ninth Judicial Circuit in Charleston County, South Carolina

entered a *Pendente Lite* Order in the divorce proceedings initiated by Mrs. Golestan against the Debtor. The *Pendente Lite* Order contains provisions for the temporary joint custody of the parties' minor children, for Debtor's continuing payments of certain family property, life, and health insurances, utilities, and taxes related to the Tradd Street property and vehicle used by Mrs. Golestan, for Debtor's monthly payment of a $25,000 Domestic Support Obligation to Mrs Golestan, the appointment of, and payment of $3,000 to the Guardian *ad Litem* and, as an additional Domestic Support Obligation, the payment of $295,000 toward Mrs. Golestan's attorney and accounting fees. The *Pendente Lite* Order is attached hereto as **Exhibit A**.

7. The Debtor failed to comply with the payments required by Family Court's *Pendente Lite* Order. On October 4, 2019, the Family Court entered a Contempt Order, finding Debtor paid $768,000 to many others between date of *Pendente Lite* Order and the hearing on contempt instead of paying the Domestic Support Obligations in the *Pendente Lite* Order. The Family Court found Debtor in contempt and required Debtor's confinement in the Charleston County Detention Center if he failed to purge his contempt by paying court ordered payments aggregating $299,500 within sixty days of August 28, 2019. The matter was set for a hearing at 9:30 a.m. on October 29, 2019, the morning immediately following the Petition Date, the result of which was expected to be issuance of bench warrant for Debtor's arrest and confinement due to his failure to purge his contempt. The Contempt Order is attached hereto as **Exhibit B**.

8. The Family Court also entered an Order signed by the Judge on October 18, 2019 on Movant's Motion to Quash Debtor's Subpoenas and for Protective Order (the "Protective/Quash Order") heard by the Family Court on August 30, 2019, which Protective/Quash Order appears to have been filed on the Court's docket at 5:12 p.m. on the Petition Date. The Protective/Quash Order noted the Debtor's continued failure to comply with the *Pendente Lite* Order and prohibited the Debtor conducting further discovery by Defendant until he complied. The Protective/Quash Order further required the Debtor to pay an additional $225,000 as an advance on Movant's future attorney fees.

9. Post-petition, on or about November 7, 2019, the Family Court appointed Guardian Ad Litem (the "GAL") for Debtor and Movant's children filed a letter, Motion for Restraining Order, and Affidavit seeking restraining orders against Debtor due to threatening e-mail communications, which include allegations of Debtor threatening the GAL's family, hacking the GAL's servers, and being in possession of firearms in violation of a Federal Court

Bond relating to his indictment charges. A consent order acknowledging that the Debtor engaged in the conduct alleged in the GAL's motion was submitted to the Family Court by the parties, which consent order was signed by the GAL's attorney and Debtor's Special Counsel appointed by the Court in this matter, and was entered on December 9, 2019.

10. On December 12, 2019, in response to an emergency motion filed by the GAL relating to fears over Debtor's recent conduct and state of mind, the Family Court entered an Order limiting the Debtor's visitation with the children to supervision of a professional pending further hearing.

### The Bankruptcy Filing

11. The Debtor filed his bankruptcy petition on October 28, 2019 at 4:19 p.m. just as the Debtor's time for purging himself of contempt of the family Court's orders expired and on the evening prior to an October 29, 2019 9:30 a.m. hearing before the Family Court on issuance of a bench warrant for his confinement in the Charleston County Detention Center.

12. The Debtor filed only a bare bones chapter 11 petition and waited until the last of the 14 days allowed by Fed.R.Bankr.P. 1007(c) to file his detailed schedules in this matter. The Debtor's filed Schedules are inaccurate and incomplete.

13. On November 14, 2019, the Debtor's initial bankruptcy counsel, Kevin Campbell, filed a motion to withdraw as Debtor's attorney of record. As a result of a hearing on December 13, 2019, the Court granted Mr. Campbell's withdrawal as counsel of record.

14. On November 29, 2019, Beal, LLC appeared and filed an application to be employed as substitute counsel for the Debtor, which Application was amended on December 6, 2019. On the afternoon of December 9, 2019, Beal, LLC withdrew their pending employment motion due to the Debtor's "Failure to Cooperate and Inability to Communicate." As a result of a hearing on December 13, 2019, the Court approved Beal, LLC's withdrawal from the case.

15. At this time, the Debtor is acting *pro se* without counsel in this matter.

### Relief Requested

16. Post-petition, the Debtor has continued his failure to make his Family Court ordered Domestic Support Obligation payments, including the $25,000 monthly child/spousal support payment, failure to comply with his obligation to pay the family's health insurances thereby causing it to lapse post-petition, and failure to comply with his obligation to pay utilities on the house occupied by Movant and the minor children causing utility services to be shut off.

17. Movant seeks to continue the divorce proceedings in Family Court in order to pursue the following specific matters:

   a. a motion (filed August 15, 2019) for enforcement of domestic support obligations through the state Disbursement Unit;

   b. a motion to amend the divorce complaint (filed August 26, 2019) to add third parties, and the amended motion to add third parties (filed September 17, 2019);

   c. a motion for supplemental temporary relief (filed on September 30, 2019);

   d. a motion to compel subpoena production (filed August 21, 2019) against the Debtor's sister;

   e. a Rule to Show Cause (filed on August 7, 2019);

   f. a motion to be filed requiring the Debtor to immediately reinstate the medical and health insurances for Movant and the minor children and to pay all Tradd Street utilities as previously required; and

   g. to provide for subpoenas, discovery, and any necessary related motions in order to obtain records associated with the Debtor's payments to attorneys.

18. Movant wishes to have the Family Court assess all outstanding post-petition amounts owed by the Debtor and to proceed through to final divorce and custody orders, including final establishment of domestic support obligations, and to the extent permitted by this Court, to have the Family Court determine division of marital assets and liabilities for enforcement in this Court in accordance with the Bankruptcy Code.

## ARGUMENT IN SUPPORT

**A.    Movant is Entitled to Relief from the Stay Pursuant to 11 U.S.C. § 362(b)(2).**

19. Pursuant to 11 U.S.C. § 362(a)(1) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before . . . [the bankruptcy] case . . . or to recover a claim against the debtor arose before the commencement of the [bankruptcy case]." Additionally, pursuant to 11 U.S.C. § 362(a)(3) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

20. Exempted from the automatic stay are certain enumerated exceptions under § 362(b).

21. Section 362(b)(2)(A) states, in relevant part: "The filing of a petition . . . does not operate as a stay- . . . (ii) for the establishment or modification of an order for domestic support obligations; (iii) concerning child custody or visitation; (iv) for the dissolution of marriage except to the extent such proceeding seeks to determine the division of property that is property of the estate."  Further, Sections 362(b)(2)(B), (C), and (D) allow for the collection of domestic support obligations from property that is not property of the estate and of estate property through state court ordered withholding of income and suspension of licenses.

22. The aforementioned subsections indicate that no modification may be necessary for Movant to seek or modify establishment of spousal support, child custody, or visitation. However, out of abundance of caution, Movant seeks an affirmative order for relief from stay to pursue the continued Family Court proceedings for divorce, custody/visitation, and establishment/enforcement of support as allowed by the Bankruptcy Code.

**B.    Movant is Entitled to Relief from Stay for "Cause" Pursuant to 11 U.S.C. § 362(d)(1).**

23. Subsection 362(d)(1) permits this Court to modify the stay "for cause."  "Cause" is not a defined term in the Bankruptcy Code.  However, when determining whether to grant relief from the stay to allow a state court to decide a domestic matter, bankruptcy courts must "balance the potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied."  *In re Robbins,* 964 F.2d 342, 345 (4th Cir. 1992).  The factors to consider under this balancing test are:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditor seek enforcement of any judgment through the bankruptcy court.

*In re Katzburg,* 326 B.R. 606, 610 (Bankr.D.S.C. 2004) (citing *Robbins,* 964 F2d at 345).

24. Turning to the present case, the factors espoused in *Robbins* and adopted by this Court in *Katzburg* weigh heavily in favor of modifying the stay to allow Movant to continue litigating the divorce proceedings in Family Court as set forth herein.

25. First, the issues involved before the Family Court are limited solely to matters concerning South Carolina divorce law and do not implicate bankruptcy law or other areas of federal law. As such, the Family Court is best suited to handle such matters.

26. Second, judicial economy would be best served as the Family Court and the attorneys representing Movant and the Debtor in the related proceedings are very familiar with the underlying facts of this much litigated matter. Though not yet fully completed, Movant's divorce counsel has already conducted extensive discovery of Debtor's financial situation and transferring the matter to the bankruptcy court would result in unnecessary additional costs with respect to litigation and discovery.

27. Third, Movant and her divorce counsel have consulted with bankruptcy counsel and are aware that enforcement of any judgment that may impact division of property of the estate requires approval by this Court.

28. Because the Debtor's history of failure to comply with orders, it is also requested that the Family Court be allowed to cite the Debtor for post-petition contempt, if necessary, to enforce the Family Court's post-petition orders and the Debtor's payment of post-petition domestic support obligations. Otherwise the Family Court would have virtually no authority to enforce its rulings against the Debtor.

29. Finally, the Debtor's failure to make the continuing post-petition domestic support obligations called for in the *Pendente Lite* Order (**Exhibit A** at para. 6) constitutes "cause" for dismissal under Section 1112(b)(4)(P), which should also be considered "cause" for relief from stay pursuant to Section 362(d)(1). *See* 11 U.S.C. §1112(b)(4)(P). *See also In re Odom*, 2015 WL 3749828 at *3-6 (Bankr. D.S.C. June 12, 2015) (finding "cause" for dismissal where debtor failed to pay post-petition domestic support obligations).

30. For the aforementioned reasons, taking all of the *Robbins* factors into consideration, it is clear that cause exists to modify the stay to permit Movant to continue litigating the pending matters in the divorce in the Family Court.

**C.     Request for Waiver of 14-Day Delay.**

31.     Movant also requests that the Court waive the delay provided in Bankruptcy Rule 4001(a)(3), which provides a 14-day delay on an order granting relief from the automatic stay, if no party in interest objects to such a requested waiver.

WHEREFORE, Movant requests that the Court enter its order (i) granting her relief from the automatic stay to continue litigation before the Family Court, (ii) waiving the 14-day delay provided by Bankruptcy Rule 4001(a)(3), and (iii) granting such other and further relief as this Court deems as just and appropriate.

RESPECTFULLY SUBMITTED on this the 13th day of December 2019, at Columbia, South Carolina.

        McCARTHY REYNOLDS & PENN, LLC

By:     /s/ Daniel J. Reynolds, Jr.
      G. William McCarthy, Jr., Dist. I.D. # 2762
      Daniel J. Reynolds, Jr., Dist. I.D. # 9232
      *Attorneys for Kristin M. Golestan*
      1517 Laurel St. (29201)
      PO Box 11332
      Columbia, SC 29211-1332
      Tel: (803) 771-8836
      dreynolds@mccarthy-lawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Amir Golestan,<br><br>Debtor. | C/A No. 19-05657-jw<br><br>Chapter 11 |

**CERTIFICATION OF FACTS**

In the above-entitled proceeding, in which relief is sought by Kristin M. Golestan ("Movant") from the automatic stay of 11 U.S.C. §362, I do hereby certify to the best of my knowledge the following:

1. <u>Nature of Movant's Interest:</u>   Party to ongoing divorce proceedings in the Charleston County Family Court in regards to divorce, child custody, alimony, child support, and other domestic support obligations and related expenses.

2. <u>Brief Description of Security Agreement, copy attached (if applicable):</u>   Not applicable, but pre-petition Family Court orders are attached hereto.

3. <u>Description of Property Encumbered by Stay (including serial number, lot and block number, etc.):</u>   Domestic support obligation payments as set forth in the attached Family Court Orders and to be finally determined by the Family Court.

4. <u>Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of the estate, etc.: include applicable subsection of 11 U.S.C. §362</u>

   11 U.S.C. §362(b)(2) – Exceptions to the automatic stay.

   11 U.S.C. §362(d)(1) – for cause, including bad faith and misconduct, and the promotion of judicial economy.

5. <u>Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).</u>

   See the attached Family Court orders.

6. <u>Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):</u>

   N/A.

7. Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra).

   N/A.

8. Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable):

   November 2019.

9. (a) For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied: None received.

   (b) For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection. N/A

10. Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion: November 2019.

**MCCARTHY, RETYNOLDS, & PENN, LLC**

By: /s/ Daniel J. Reynolds, Jr.
Daniel J. Reynolds, Jr., I.D.#9232
1517 Laurel Street (29201)
P.O. Box 11332
Columbia, SC 29211-1332
(803) 771-8836
(803) 753-6960 (fax)
dreynolds@mccarthy-lawfirm.com

Columbia, South Carolina
December 13, 2019