FILED

2019 DEC 26 PM 3: 25

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

US BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

| IN RE: | CASE NO: 19-05657-JW |
|---|---|
| Amir Golestan. | CHAPTER 11 |
| Debtor. | |

## MOTION FOR EMERGENCY RELIEF
## FROM AUTOMATIC STAY TO CONTINUE ACTION IN FAMILY COURT

This matter comes before the Court, by Amir Golestan ("Movant") requesting an Order ("Order") granting emergency relief from the automatic stay pursuant to 11 U.S.C. § 362(a) to permit Charleston County Family Court for the Ninth Judicial Circuit, assigned case number 2018-DR-10-4289 to adjudicate the following actions in Family Court:

- ☐ For the establishment or modification of an order for domestic support obligations;
- ☐ Concerning child custody or visitation;
- ☐ For the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate;

Movant seeks relief from the automatic stay in order for various filed motions to be heard before the Family Court concerning child custody, visitation and modification of domestic support obligations. Although it is entirely clear that pursuant to 11 U.S.C. § 362(b)(2)(A) Movant is not required to obtain such relief from the automatic stay, Honorable Judge William J. Wylie, Jr residing at October 29th, 2019 hearing deferred the matter to bankruptcy Court for a comfort order ("Comfort Order") to determine what matters can be heard in Family Court.

### JURISDICTION

This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

1.  On December 14th, 2018, Kristin M. Golestan ("Party in Interest"), litigated a divorce proceeding against Movant in Family Court for the Ninth Judicial Circuit.

- 1 -

2. The divorce proceeding is contested in all major areas including custody, visitation, domestic support obligations, as well as fair and equitable division of the parties' marital assets.

3. At a Family Court hearing on August 30th, 2019, Honorable Judge Gordon B. Jenkinson granted multiple motions for Party in Interest, including Motion to Quash Subpoenas and/or for Protective Order filed on June 18, 2019 ("Subpoena Motion") and Plaintiffs Amended Notice of Motion and Motion to Set Timing of Discovery and/or for Protective Order and for Fee Advance filed on August 16, 2019 ("Discovery and Fee Motion"). **Exhibit 1**

4. There exist several filed motions by both Movant and Party in Interest which needs to be heard before the Family Court. Motions filed by Movant do not require Discovery to be conducted by Movant. Movant's motions are concerning custody, visitation and domestic support obligations.

5. On October 28th, 2019 Movant filed a Chapter 11 bankruptcy protection.

6. Movant is neither seeking relief for determination of the division of property that is property of the estate, nor to resume any Discovery that has been stayed in the Family Court pursuant to August 30th, 2019 Order signed into effect by Honorable Judge Gordon B. Jenkinson.

7. Movant, through his former counsels, made numerous requests on various occasions to the counsel of Party in Interest, G. William McCarthy, Jr. ("Mr. McCarthy") to a consent order ("Consent Order") to allow parties to proceed with the pending action in the Family Court. Mr. McCarthy refused to a Consent Order every single time. **Exhibit 2**

8. Mr. McCarthy further informed both of my former counsels that not only he will not consent, he will in fact oppose any such motion that is brought before this Honorable Court requesting a Comfort Order pursuant to section 11 U.S.C. § 362(b)(2)(A) of the bankruptcy code.

9. Mr. McCarthy's assertion to my former counsels is consistent with what I heard him say during a controversial "global financial settlement" meeting held on Friday December 6th, 2019, that by itself, was a violation of automatic stay. I am addressing my concerns regarding various violations of automatic stay in separate motions and pleadings.

10. During the same meeting, Mr. McCarthy further asserted what my former counsel Tara Nauful ("Mrs. Nauful") relayed to me a day earlier, that should we not reach a global financial settlement, not only Mr. McCarthy will file "one of everything" including a Motion to Dismiss my Chapter 11 bankruptcy petition, a motion to appoint a Chapter 11 trustee, and/or motion to convert the case to Chapter 7, he won't also let me get back in the Family Court to reduce my domestic support obligations. **Exhibit 3, at 2**

11. Mrs. Nauful informed the undersigned that not being able to reduce my domestic support obligations will further strengthen Mr. McCarthy's objective to dismiss the case, as I would fall behind my post-petition domestic support obligations without any meaningful way of catching up.

12. While Mr. McCarthy can certainly do anything he deems appropriate, and I'm not suggesting otherwise in this motion, it seems rather self-serving and vindictive that at such early stages of my bankruptcy petition, i) before having all the facts at hand, ii) prior to the commencement of 341 Meeting of Creditors and yet, iii) without conducting Rule 2004 Examination he very much demanded, Mr. McCarthy would conclude that dismissal of my case in its entirety, appointment of Chapter 11 trustee, and/or conversion to Chapter 7 would be in the best interest of the bankruptcy estate.

13. With such assertions, Mr. McCarthy is essentially challenging the authority of the bankruptcy Court while also attempting to deprive me of my due process rights.

14. Separately, Mr. McCarthy made a remark to my domestic counsel, Ingrid Rudolph ("Mrs. Rudolph") that he is single-handedly the most qualified Chapter 11 bankruptcy attorney in the South Carolina. Movant is concerned that his bankruptcy case may not have a real chance, as it appears that this matter has become personal to Mr. McCarthy, not in a sense that he's vigorously representing the best interest of his client, but rather to "win at any cost" with total lack of regard to other parties in interest. This may be more the case now that I'm representing myself for the remainder of this case.

15. Any meritless action to that effect would be nothing but a self-fulfilling prophecy by Mr. McCarthy, which certainly cannot be in the best interest of the bankruptcy estate, debtor, creditors or other parties in interest.

16. Movant acknowledges that by disclosing to this Court certain exhibits concerning correspondences he had with his former bankruptcy counsels, he may potentially be waiving his client-attorney privileges. Movant firmly asserts that there's nothing he has discussed with his former bankruptcy counsels that he does not wish for this Court and/or public to know. I only ask that should any of my former bankruptcy counsels decide to disclose any information, to provide me with a written notice via First Class Mail to 4639 Wilson Road, Meggett, SC 29449.

17. Prior to the filing of this Motion, Movant individually, and collectively through his former counsels, in good faith attempted to resolve the matter contained in the motion to no avail. I attest that further consultation would serve no useful purpose.

## ARGUMENT

### A. The Easily Understood Non-Stayed Provision is A Matter of Law

There exists no genuine dispute as to any material fact. Relief from the automatic stay is not needed in order for Movant to pursue this relief in Family Court for the Ninth Judicial Circuit. Pursuant to 11 U.S.C. § 362(b)(2)(A)(ii)-(iv) the automatic stay is not applicable "for the establishment or modification of an order for domestic support obligations… concerning child custody or visitation… for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate…" Accordingly, Movant should be allowed to pursue actions in Family Court that are not subject to the automatic stay.

### B. Bankruptcy Court Has Exclusive Jurisdiction to Determine Applicability of Automatic Stay

The bankruptcy court has very broad jurisdiction. Where the automatic stay prohibits an action in another court, the bankruptcy court's jurisdiction is exclusive. Where an exception to the automatic stay applies, or where the bankruptcy court grants relief from the stay, its jurisdiction is concurrent.

Relying on section 1334(a) of title 28, which grants bankruptcy courts exclusive jurisdiction over bankruptcy cases (as opposed to "proceedings arising in cases" under section 1334(b), the Ninth Circuit holds that the determination of the effect of an exception to such a fundamental bankruptcy tool as the automatic stay must be within the exclusive jurisdiction of the bankruptcy court. *Gruntz v. County of Los Angeles (In re Gruntz), 166 F.3d 1020 (9th Cir. 1999).*

### C. No Prejudice to Party in Interest or Other Creditors

Granting the relief sought by Movant will not prejudice the Party in Interest or other Creditors ("Creditors"). As reflected in the legislative history to § 362(d)(1), Congress believed that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *H.R. Rep. No. 95–595, at 341 (1977); S.Rep. No. 95–989, at 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836.*

With respect to the Party in Interest, she is not prejudiced in the Family Court if the relief sought by Movant is granted. The lift in stay will not tie up estate assets that might be used to satisfy claims or pay administrative costs. As far as other Creditors, there are none who will be prejudiced if the stay relief is granted in the Family Court. Movant, of course, does not prejudice himself by proceeding with the continuation of action is the Family Court.

Finally, although lifting the stay will not prejudice the Party in Interest or other Creditors, leaving the stay in place *will* prejudice Movant. The Movant, like any Creditor and Party in Interest, is entitled to an expeditious adjudication of its claim, and as long as the stay remains in place, adjudication is delayed. *See Ulpiano Unanue-Casal*, 159 B.R. at 100 ("We find there is prejudice to the [creditor] because without the stay they could return sooner to [the state court] and resolve the remaining issues.").

### D. Lack of Connection or Interference with The Bankruptcy Case

The relief sought by Movant will not interfere with this Court's handling of the bankruptcy. It does not involve bankruptcy law or require the expertise of a bankruptcy judge. Leaving the adjudication of the merits to the Family Court will enable this Court to focus its attention and expertise on the bankruptcy proceedings.

## CONCLUSION

      For the reasons stated above, Movant respectfully asks this Honorable Court to issue an Order granting emergency relief from the automatic stay to allow the pending actions for 1) the establishment or modification of an order for domestic support obligations, 2) concerning child custody or visitation and, 3) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate, proceed in the Family Court.

December 26th, 2019                                          Respectfully Submitted.

                                                                      AMIR GOLESTAN, Pro Se
                                                                      Debtor in Possession and Movant
                                                                      4639 Wilson Road
                                                                      Meggett, SC 29449
                                                                      (212) 200-2222 / amir@micfo.com

## CERTIFICATE OF SERVICE

I, Amir Golestan, hereby certify that on December 26th, 2019 a copy of the foregoing Movant's Motion for Emergency Relief from Automatic Stay to Continue Action in Family Court was filed with United States Bankruptcy Court District of South Carolina. A copy of the foregoing filing was served by Personal Delivery to:

**G. William McCarthy, Jr.**
**Attorneys for Kristin M. Golestan**
1517 Laurel Street.
PO Box 11332
Columbia, SC 29211-1332
Tel: (803) 771-8836
bmccarthy@mccarthy-lawfirm.com

**Elisabetta G. Gasparini**
**Trial Attorney**
Office of the United States Trustee
1835 Assembly Street, Ste. 953
Columbia, South Carolina 29201
(803) 765-5227
elisabetta.g.gasparini@usdoj.gov

_____
AMIR GOLESTAN, Pro Se
Debtor in Possession and Movant
4639 Wilson Road
Meggett, SC 29449
(212) 200-2222 / amir@micfo.com

# Exhibit 1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE FAMILY COURT OF THE |
| ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON  2019 OCT 28  PM  ) | |
| ) | CASE NO.: 2018-DR-10-4289 |
| KRISTIN M. GOLESTAN, ) | |
| CLERK OF COURT ) | ORDER ON PLAINTIFF'S NOTICE OF |
| Plaintiff,  BY_____ ) | MOTION AND MOTION TO QUASH |
| ) | SUBPOENAS AND/OR FOR PROTECTIVE |
| vs. ) | ORDER AND PLAINTIFF'S AMENDED |
| ) | NOTICE OF MOTION AND MOTION TO |
| AMIR GOLESTAN, ) | SET TIMING OF DISCOVERY AND/OR |
| ) | FOR PROTECTIVE ORDER AND FOR |
| ) | FEE ADVANCE |
| Defendant. ) | |
| ) | |
| ) | |

| | |
|---|---|
| HEARING DATE: | August 30, 2019 |
| PRESIDING JUDGE: | Honorable Gordon B. Jenkinson |
| ATTORNEY FOR PLAINTIFF: | Jerry N. Theos |
| ATTORNEYS FOR DEFENDANT: | James T. McLaren |
| | Joshua M. Calder |
| COURT REPORTER: | DeeAnne Varnadoe |

This matter came before the Court pursuant to Plaintiff's Notice of Motion and Motion to Quash Subpoenas and/or for Protective Order filed on June 18, 2019 ("Subpoena Motion") and Plaintiff's Amended Notice of Motion and Motion to Set Timing of Discovery and/or for Protective Order and for Fee Advance filed on August 16, 2019 ("Discovery and Fee Motion"). Present at the hearing were Plaintiff; Jerry N. Theos as Plaintiff's counsel; Defendant; and James T. McLaren and Joshua M. Calder as Defendant's counsel. At the hearing, Defendant presented his Returns to Plaintiff's Subpoena Motion and Discovery and Fee Motion.

After reviewing the materials previously filed and those provided at the hearing and hearing the arguments of counsel presented at the motions hearing, the Court finds and orders as follows:

1. The Court grants Plaintiff's Motions. Until Defendant fully complies with Paragraph 17 of the February 20, 2019 Pendente Lite Order (requiring Defendant to pay

$220,000.00 to Plaintiff's counsel for fees and $75,000.00 to Plaintiff's forensic accountant for fees), Defendant shall not be permitted to: serve any subpoenas; require Plaintiff or any third party to respond to any discovery requests including interrogatories, requests to admit, requests for production, and subpoenas already served (subpoena to Veterinary Emergency Care on June 11, 2019; subpoena to John O. McDougall, Esquire on June 11, 2019; subpoena to Marie-Louise Ramsdale, Esquire on June 11, 2019; and subpoena to Richard Livingston, CPA/CFF, CFE, CVA on August 29, 2019); require Plaintiff or any third parties, to include the Guardian *ad Litem*, to appear at any depositions; or take any other discovery actions to further Defendant's case.

2. Within 60 days from August 30, 2019, Defendant shall pay $225,000.00 directly to Plaintiff's counsel as an additional advance on attorney's fees and costs. At the final hearing in this matter, Defendant shall have the right to seek reimbursement for either overpayment or the Court wrongly awarding the additional $225,000.00.

**IT IS SO ORDERED!**

_____
Honorable Gordon B. Jenkinson
Family Court Judge

This ___ day of October, 2019
Charleston, South Carolina

ATTEST: A TRUE COPY
JULIE J. ARMSTRONG (SEAL)
CLERK, C.P., G.S. & F.C.
By _____
DEPUTY CLERK

<u>**CONTEMPT POWERS OF THE COURT**</u>
**ANY VIOLATION OF THE TERMS OF THIS ORDER MAY SUBJECT THE VIOLATOR UP TO ONE (1) YEAR IN JAIL, UP TO $1,500.00 FINES, AND/OR UP TO 300 HOURS OF COMMUNITY SERVICE OR A COMBINATION OF ALL THREE.**

# Exhibit 2

## Amir Golestan

**Subject:** RE: Proposed Consent Order
**Date:** Wednesday, November 13, 2019 at 9:43:17 AM Eastern Standard Time
**From:** mconrady@campbell-law-firm.com
**To:** Amir Golestan (amir@micfo.com)
**CC:** kcampbell@campbell-law-firm.com, cshiner@campbell-law-firm.com, Ingrid Rudolph

I spoke with Chambers and they indicated that if Bill consents then a hearing will not be necessary. If he does not consent then we may have to file a Motion, etc and have the matter set for a hearing. At this point we can't really plan on Bill consenting, but thought we would give it one more chance.

Let me know if you all have any questions.

Michael H. Conrady
Campbell Law Firm, PA
890 Johnnie Dodds Blvd., Suite B
P.O. Box 684
Mt. Pleasant, SC 29464
Phone: (843)884-6874
Facsimile: (843)884-0997
mconrady@campbell-law-firm.com

**Confidentiality Notice**

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.

If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-968-6925) or reply to this e-mail and delete all copies of this message.

To ensure compliance with the requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including the attachments) is not intended or written to be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or tax-related matter[s]. To provide you with a communication that could be used to avoid penalties under the Internal Revenue Code will necessarily entail additional investigations, analysis and conclusions on our part.

# Exhibit 3

**Amir Golestan**

| | |
|---|---|
| **Subject:** | December 5, 2019 Meeting |
| **Date:** | Thursday, December 5, 2019 at 3:19:58 PM Eastern Standard Time |
| **From:** | Tara Nauful |
| **To:** | Amir Golestan (amir@micfo.com) |
| **CC:** | Adam Floyd |
| **Attachments:** | image001.png, image003.jpg, Tara E_ Nauful.vcf |

Amir:

I wanted to follow up on our meeting today to make sure we are both on the same page, and to confirm a couple of things, both because we covered a lot in a short period of time, and because I know that there are other issues that are on your mind today. Please review this email and if I have anything wrong or I have misunderstood anything, please let me know.

In no particular Order:

1. We reviewed your questions on the US Trustee's Operating Guidelines and discussed:
    a. Monthly operating reports, including reporting all money in as "income" and all money out as "expenses."
    b. not taking any more loans from Micfo;
    c. The need for us to file a motion for the court to nunc pro tunc approve your $5,000 loan from Micfo to pay child support;
    d. The need for us to get Court approval prior to incurring any more debt;
    e. The need for you to start taking a salary (w-2) from Micfo;
    f. The requirement that you produce all outstanding documentation requested by the UST by December 13, 2019, otherwise you face having the case dismissed;
    g. Our need for you to get us the documents in advance of December 13 so we can pull them together and get them to the trustee.

You signed the Receipt and Certificate of understanding earlier this week, and I signed it when I got back to the office and it is now with the UST.

2. You also signed the Amended Application to retain BEAL, LLC, and we discussed the UST's comments regarding the original application and proposed order. I will forward you Elisabetta's email later on today.

3. We discussed the status of Kevin's motion to be relieved, and the fact that a consent order is circulating that Kevin has consented to.

4. We discussed the pending 362 Motion on Seven and Rose's property (the 2 office condos). You authorized me to propose to TBG that Seven and Rose have 9 months to sell the second floor, and to propose the same to South Trust for the 3d floor.

    a. You are going to hire James Maybank to market the properties, and speak with him as soon as possible about his estimate for the length of time it will take to market and sell the properties.
    b. As part of this, Micfo is going to start looking for less expensive and smaller office space.

4. I advised you that I had sent McCarthy a copy of Kevin's retainer agreement, and that this afternoon I was sending him:
    a. A copy of the ARIN settlement;
    b. Everything on the thumb drive that we gave the UST <u>except</u>:
        i. The Merrill Lynch accounts that are password protected while you look for the password; and
        ii. The bank account information on Virtuzo, which you want to claim a 5th Amendment on;
    c. The three exhibits to the schedules that you emailed us yesterday for Micfo, Seven and Rose, and the Morrison House.
5. You are going to spend at least one solid day this weekend:
    a. Pulling together all of the documents requested in McCarthy's 2004 subpoena. You are going to put the documents that do not involve the indictment at all in one folder, and everything else that cannot be produced in another folder.
    b. Pulling together all of the documents requested by the US Trustee.
6. Settlement:
    a. You and I discussed the logistics of the settlement conference tomorrow, including the fact that the scope of the settlement discussion is limited to financial issues only, but will encompass all financial issues related to you and Kristin.

    b. We discussed the anticipated demand from Kristin, and their demand that your family contribute money to the settlement, and their perception about the family assets.

    c. We discussed the pros and cons of reaching a global settlement with Kristin, and the possible events/outcomes/consequences in your Chapter 11 case if a settlement is not reached. Specifically:

        i. If a settlement is not reached, McCarthy will file "one of everything" including a Motion to Dismiss the Chapter 11 based on bad faith, and a motion to appoint a chapter 11 trustee, and/or motion to convert the case to chapter 7;
        ii. We discussed what it means to have a trustee appointed, and how the trustee will assume control over all of your assets, including your business entities.
        iii. We discussed what would likely happen if the chapter 11 was dismissed (namely, the family court contempt order would be executed, and you would go to jail for contempt)
        iv. You indicated that you understood all possible consequences, and were prepared for all possible consequences.

    d. We discussed what you were prepared to offer in terms of settlement – namely, some version of the settlement offer you made to Kristin before the bankruptcy petition was filed (per the email I have)

    e. We also discussed strategy for the settlement tomorrow, and my view that we needed to try very hard to settle with Kristin if possible. Strategy wise, I believe we need to first get to a number, and then work on how that number will get paid and over what period of time.

8. We discussed Edward Bennett's claim, which you think is in the neighborhood of $10K, and the need to also add Missy Johnson of Elliott Davis to the creditor list, and you are going to get me that number.

By separate email, I will send you again the list of documents that we need to produce for the 2004 exam, together with my notes on what we have discussed.

If you have any question or need to speak, please call or text me. If I don't speak to you before tomorrow, I will see you at Moore Van Allen law firm just before 1pm.

Tara



**Tara E. Nauful**
BEAL, LLC

(803) 728-0803 Work
(803) 730-5586 Mobile
TNauful@beallc.com
PO Box 11277
Columbia, SC 29211
www.beallc.com