FILED
2019 DEC 30 AM 10: 46
US BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Amir Golestan.<br><br>Debtor. | CASE NO: 19-05657-JW<br><br>CHAPTER 11 |

## DEBTOR'S OBJECTION TO KRISTIN M. GOLESTAN'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Amir Golestan, as Debtor and Debtor in Possession (collectively, the "Debtor") in the above-captioned Chapter 11 case, hereby submits this objection to *Kristin M. Golestan's Motion for Relief from Automatic Stay* (the "Motion"), filed December 13th, 2019 by Kristin M. Golestan ("Movant") or alternatively the Debtor seeks adjournment of the Motion for sixty (60) days. In support hereof, the Debtor respectfully represents as follow:

### PRELIMINARY STATEMENT

1. On October 28th, 2019 the Debtor filed a Chapter 11 bankruptcy protection.

2. Less than two (2) weeks in Debtor's Chapter 11 proceeding, the Debtor began seeking a consent order ("Consent Order") for relief from automatic stay pursuant to 11 U.S.C. § 362(b)(2)(A). Movant willfully refused to a Consent Order the Debtor has sought since November 9th, 2019. **Exhibit A**

3. As a result, on December 26th, 2019 the Debtor filed a separate motion seeking relief from automatic stay pursuant to 11 U.S.C. § 362(b)(2)(A), specifically, subsections (ii) for the establishment or modification of an order for domestic support obligations, (iii) concerning child custody or visitation, and, (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate.

4. Four (4) weeks after the Debtor filed its schedules and statements, Movant seeks to modify the automatic stay for the commencement or continuation of voluminous pre-petition pending actions against the Debtor. Movant, however, has not satisfied the burden of establishing a cause, sufficient enough to curtail the statutorily imposed breathing room to which the Debtor is entitled to.

5. As of December 27th, 2019, Movant has not served a proof of claim ("Claim") on the Debtor pursuant to Bankruptcy Rule 3001. Movant is no different than other parties in interest or creditors. If Movant has any claims against the bankruptcy estate whatsoever, just like any creditor,

Movant must first proceed with filing a proof of claim and allow the well-established bankruptcy process to take its course.

6. On September 30th, 2019 Movant filed with Family Court, a Motion for Supplemental Temporary Relief seeking to be granted title to *all* properties of estate and be allowed to *sell* said properties in order that she may have access to sufficient funds to both support herself and her minor children financially, as well as to preserve the equities in said properties. **Exhibit B**

7. Allowing Movant relief from the automatic stay at this juncture would expose the Debtor to countless other lift stay motions which would impose a burden on Debtor and his estate at a time when his limited remaining resources *should be* devoted to the immediate task of liquidating all its assets, determining how to dispose the London assets in an orderly and value-maximizing manner, and establishing an organized Chapter 11 claims process.

## BACKGROUND

8. On December 14th, 2018, Movant litigated a divorce proceeding against Movant in Family Court for the Ninth Judicial Circuit.

9. The parties' were married for less than seven (7) years. The domestic matter litigated in Family Court is not a permanent alimony case. The parties' were not married long enough for Movant to be entitled to permanent alimony.

10. On January 29th, 2019, less than six (6) weeks after the litigation initiated by Movant, Family Court determined Debtor's domestic support obligations.

11. Debtor affirmatively asserts that the Family Court erred in awarding Movant $295,000 in temporary attorney's fees, expert's fees, and costs. As threshold matter, awarding $295,000 in temporary attorney's fees, expert's fees, and costs after one (1) hearing is an abuse of discretion, in particular when considering this is a short-term marriage and the primary asset at issue is premarital in nature. Specifically, the evidence before the Court did not indicate that either of the parties owned liquid assets with sufficient funds to permit Debtor to pay such a large temporary fee award. **Exhibit C, at 13**

12. The *Pendente Lite Order* makes the following statements regarding reapportion of the temporary attorney fees, professionals' fees and Debtor's request for attorney fees:

> "...Mother acknowledges that any advance of fees and costs may be offset or paid out on any final award of attorney's fees and costs, equitable division, or both as the trial judge may see fit..."

> "...Father shall pay the initial cost of these evaluations with the provision that the trial judge may reallocate all or part of these costs to be paid by Mother at the Final Hearing or come from her share of equitable division..."

"...Because of the inequities in the incomes and assets, I am requiring the GAL fees shall be paid by Father; however, the trial judge may at his or her discretion reallocate all or any portion of these fees toward an award of final GAL fees or equitable division, or both..."

"...Father's request for attorney's fees, costs, and suit money shall be held in abeyance until the final hearing..."

13. On August 29th, 2019 Debtor submitted with Family Court, a Notice of Motion and Motion for Supplemental Temporary Relief in an effort to modify his domestic support obligations. The Motion was subsequently served on Movant and filed with Family Court on September 10th, 2019. It was set to be heard on October 29th, 2019 **Exhibit D**.

14. Honorable Judge William J. Wylie, Jr residing at October 29th, 2019 hearing deferred the matter to bankruptcy Court for a comfort order ("Comfort Order") to determine what matters can be heard in Family Court.

15. Movant has willfully refused to a Consent Order the Debtor has sought since November 9th, 2019 presumably in an effort to 1) not permit the Debtor modify his support obligations, 2) in order for his post-petition domestic support obligations to compound to an unsustainable extend, and 3) so that ultimately Movant can attempt to get Debtor's bankruptcy case dismissed under 1112(b)(4)(P).

16. I respectfully ask this court to note that there exists a pre-petition motion filed with Family Court to modify my domestic support obligations. It was originally filed on September 10th, 2019 and shall be heard before the Family Court when automatic stay is lifted pursuant to 11 U.S.C. § 362(b)(2).

17. My domestic counsel, Ingrid Rudolph ("Mrs. Rudolph") has informed me that my domestic support obligations will be adjusted retroactively from the date the motion was served on the Movant. I would respectfully ask this Honorable Court to only consider the case dismissal under 1112(b)(4)(P) *after* my motion to modify my domestic support obligation is heard.

## ARGUMENT

### A. The Stay Relief Motion Should be Denied

18. In Willful violation of 11 U.S.C. § 362(a)(3), Movant is blatantly asking the Court to grant her title and ownership rights to the entire assets of the bankruptcy estate. On one hand, Movant claims that she is entitled to relief pursuant to 11 U.S.C. § 362(b)(2). On another hand, she acknowledges that pursuant to 11 U.S.C. § 362(a)(3) of the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate".

Movant's assertions seems reasonable until one realizes that just a few paragraphs before that, Movant sought relief from automatic stay concerning "*a motion for supplemental temporary relief (filed on September 30, 2019)*". In her motion for supplemental temporary relief, Movant effectively

asks the Family Court to grant her title and ownership rights to *all* the assets and properties of the bankruptcy estate, while allowing her to control, sale and liquidate *all* the assets as she deems necessary:

> "...A number of real properties are included in the parties' marital estate, including the following:
>
> a. 4639 Wilson Road, Meggett, South Carolina, 29449 (AKA Julius Thompson Road Meggett, South Carolina) (hereinafter "Wilson Road");
> b. 125 Tradd Street, Charleston, South Carolina, 29401 (hereinafter "Tradd Street");
> c. 198 East Bay Street, Suite 200, Charleston, South Carolina, 29401;
> d. 198 East Bay Street, Suite 201, Charleston, South Carolina, 29401; and,
> e. 198 East Bay Street, Suite 300, Charleston, South Carolina, 29401..." **Exhibit B, at 1**
>
> "...Plaintiff seeks this Court's order requiring Defendant to execute any and all documents necessary to enable Plaintiff to accomplish this transfer of ownership and/or title to said properties and to enable her to sell said properties and to keep all proceeds from these properties necessary to equal past-due court-ordered obligations of Defendant to Plaintiff and related to these properties. Further, that all monies above the monies needed to bring current Defendant's court-ordered obligations should be placed in trust with Plaintiff's counsel pending further order of this Court.
>
> Lastly, there are presently marital personal property items (i.e. furniture and accessories) stored in Chudley Moving and Shipping, a London storage facility, with an approximate value of $600,000.00. Plaintiff seeks this Court's order allowing her sole access, control, and possession of said personal property items in order to enable her to sell said items to generate funds to support herself and her minor children financially and to assist with maintaining the parties' properties pending sale. Plaintiff therefore seeks this Court's order requiring Defendant to execute any and all documents necessary to accomplish the foregoing. Further, that all monies above the monies needed to bring current Defendant's court-ordered obligations should be placed in trust with Plaintiff's counsel pending further order of this Court...." **Exhibit B, at 3**

19.   It is indeed suspect that Movant, without hesitation, provided this Court numerous Family Court motions and orders, even those bearing no weight on the case, such as GAL's Consent to No Contact, she yet intentionally chose to not provide her Motion for Supplemental Temporary Relief.

**B.   The Automatic Stay is Fundamental to Reorganization Process**

20.   The broad protection of the automatic stay extends to all matters that may have an effect on a debtor's estate and is designed to relieve "the financial pressures that drove [the debtors] into bankruptcy." H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6297; *Official Committee of Unsecured Creditors v. PSS Steamship Co.*, 114 B.R. 27, 29 (Bankr. S.D.N.Y. 1989). It does this by providing the debtor with a "breathing spell" after the commencement of a chapter 11 case,

shielding it from creditor harassment at a time when the debtor's personnel should be focusing on restructuring. See *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (holding that the automatic stay applied to an appeal that otherwise would "distract…debtor's attention from its primary goal of reorganizing") (citation and internal quotation marks omitted); *AP Indus. Inc. v. SN Phelps & Co.* (*In re AP Indus., Inc.*), 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990) ("The purpose of the protection provided by chapter 11 is to give the debtor a breathing spell, an opportunity to rehabilitate its business and to enable the debtor to generate revenue.").

21. Section 362(a)(1) of the Bankruptcy Code provides that:

> (a)…[A] petition filed under section 301, 302 or 303 of this title…operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection*, 474 U.S. 494, 503 (1986). The purpose of the automatic stay is to allow a debtor to focus its attention on reorganization efforts without the distraction of having to defend against outside litigation. *CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990). It maintains the status quo to protect a debtor's ability to control the sale or other disposition of property of the estate. Collier on Bankruptcy 362.03 (16th ed. rev. 2012). Additionally, the automatic stay prevents the state-law "race to the courthouse," and is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). In this regard, the automatic stay "promot[es] equal creditor treatment and giv[es] the debtor a breathing spell." *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).

22. The automatic stay "is necessary to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization." *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case) (citations and internal quotations omitted), *cert. denied*, 429 U.S. 1093 (1977). Further, "[t]he automatic stay prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding." *AP Indus.*, 117 B.R. at 798.

### C. Movant Fails to Meet Its Burden of Establishing Cause to Modify Automatic Stay

23. Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause:"

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

For the Court to grant relief from the stay for "cause", Movant should demonstrate that such extraordinary circumstances exist to justify any deviation from the well-thought-through process and protection the bankruptcy court afforded the Debtor. The arguments presented by Movant don't satisfy this burden under the test established by the Second Circuit in case *Sonnax v. Tri-Component Prods. Corp (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Id.*

24. In *Sonnax*, the Second Circuit established a set of twelve factors that have become the standard by which courts in this Circuit consider whether to modify the automatic stay:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case;
> (3) whether the other proceeding involves the debtor as a fiduciary;
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
> (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests of other creditors;
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms. Sonnax, 907 F.2d at 1286

*See In re Lehman Bros. Holdings Inc.*, 435 B.R. 122, 138 (S.D.N.Y. 2010) ("*Sonnax*... is routinely referenced as the leading relief from stay precedent in this Circuit."), *aff'd sub nom. Suncal Cmtys. I LLC v. Lehman Commercial Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010). Although the Court in *Sonnax* outlined twelve factors, courts need not consider each factor, but may consider only the factors

that are relevant to the particular case. *See In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 526 (Bankr. S.D.N.Y. 1996) ("A court should... use only the factors that are deemed relevant ..."). The *Sonnax* Court itself considered only four of the twelve factors as relevant in that case. *Sonnax*, 907 F.2d at 1286. Additionally, courts need not assign equal weight to each factor, and have discretion in weighing the factors against one another. *RCM Global*, 200 B.R. at 526 ("A court should apply these factors on a case-by-case basis... assigning to each factor whatever weight the court feels is appropriate.").

25. Indeed, Movant's Motion is filled with concoction and unfounded statements that in no shape or form sustain Movant's burden:

   a. <u>Lack of Any Connection With or Interference With the Bankruptcy Case</u>

26. The second *Sonnax* factor, lack of any connection with or interference with the bankruptcy case, weights against granting Movant's relief from the automatic stay. A fundamental purpose of the automatic stay is to provide a Debtor with relief from having to defend against litigation so that it can focus its resources on the administration of its case and emerging successfully from Chapter 11. If the Family Court litigation is allowed to continue, it would defeat this purpose and compel the Debtor to engage in time consuming and expensive state court litigation with no means of defending itself against army of attorneys and associates that combine invoice Movant in hourly fee of $2,000.00.

27. Additionally, Movant's Family Court motion for supplemental temporary relief will directly and indirectly interfere with the bankruptcy case. Movant is seeking to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" which effectively, deprives the bankruptcy estate and other creditors of its value while Movant pockets all the proceed.

   b. <u>Whether the Family Court Litigation Primarily Involves Third Parties</u>

28. The sixth *Sonnax* factor does not support granting relief from the stay. Movant has asserted that she has filed a motion to amend the divorce complaint in order to add over twelve (12) non-Debtors to the Family Court litigation. However, although the complaint asserts claim against additional non-Debtors, the core issue of the Family Court litigation is divorce proceeding. Movant has embarked on a frivolous never-ending litigation, attempting to add business entities which are located outside of State of South Carolina to a divorce proceeding, knowing these entities have no means of being served and represented in the Family Court.

29. Debtor is the main subject of the Family Court litigation. As a result, Debtor would be required to participate actively in the case if it were to proceed. *See In Residential Capital, LLC*, 2012 WL 3556912, at *3 (Bankr. S.D.N.Y. 2012) ("The court should not grant relief from the stay under the sixth Sonnax factor if the debtor is the main party to the litigation.") (internal citations omitted).

30. Lifting the automatic stay to allow the Family Court litigation to proceed would, as discussed above, directly impact Debtor's Chapter 11 case in direct contravention of the intent and purpose of section 362(a) of the Bankruptcy Code. *See City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) (denying motion to lift the automatic stay where the debtor was more than a mere conduit for the flow of proceeds and the action impacted the "property and administration of [the debtor's] estate, suggesting that continuance of the [automatic] stay was proper.").

    c. <u>Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors</u>

31. The Court's holding in *Residential Capital* is instructive with respect to the application of the seventh Sonnax factor. *In Residential Capital*, the Court held that allowing state court litigation to proceed would prejudice the interests of other creditors because requiring the debtors to continue to participate in the state court litigation "would upend the strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court. Any litigation costs would diminish the bankruptcy estate. [Claimant] must be treated as any other unsecured creditors and litigate his claims in this court along with the Debtors' other similarly situated creditors." *In re Residential Capital*, 501 B.R. at 644 (quoting *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992)).

32. Additionally, interests of other creditors and parties in interest will be prejudiced in its purest form if the stay is lifted. Movant is seeking relief from automatic stay to take control and ownership of the assets of bankruptcy estate.

    d. <u>Whether The Parties Are Ready For Trial In The Other Proceeding</u>

33. The Family Court litigation is far from being ready for trial. The parties have been in a contested divorce proceeding for past twelve (12) months, wasted over $800,000 in legal fees combined, and yet have failed to compromise or consent to a single contested subject. Movant asserts "Though not yet fully completed, Movant's divorce counsel has already conducted extensive discovery of Debtor's financial situation and transferring the matter to the bankruptcy court would result in unnecessary additional costs with respect to litigation and discovery." In addition to ignoring the fact that while Debtor has attempted to do very limited discovery in the Family Court, Movant has willfully refused to cooperate and comply with court ordered discovery, request for production and/or response to defendant's interrogatories. Movant has not responded to a single question or produced even a single document. **Exhibit 4**.

34. The situation here is much like the situation in *Residential Capital*, in which the Court denied a movant's motion to lift the automatic stay in order to resume prepetition litigation because, even though relief may eventually result in partial or complete resolution of the issue at hand, the resolution might not be immediate due to the nascent stage of the litigation. *See Residential Capital*, Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay, Aug. 16, 2012 [ECF No. 1184] (stating "the Jackson Litigation is in its early stages. Discovery, trial preparation

and, absent a settlement, trial all remain to be done. Therefore, the first and eleventh *Sonnax* Factors weigh against lifting the stay.").

35. *No* documents have been produced by Movant, *no* responses have been provided to Debtor's interrogatories, and *no* depositions have been conducted. Debtor intends to do a full discovery, conduct various depositions and investigate various potential witnesses before being ready for trial. Indeed, only limited discovery has occurred by Debtor in the Family Court in the nine months prior to the commencement of this Chapter 11 case. Further, while the parties lived separately since November 26th, 2019, they briefly reconciled from August 30th, 2019 through September 24th, 2019. The Debtor moved into the marital home at 125 Tradd Street where parties had sexual relations throughout their brief reconciliation. Thus the 365-day rule would only mature as of September 24th, 2020.

    e.    <u>The Interests of Judicial Economy and The Expeditious and Economical Resolution of Litigation</u>

36. Movant asserts that "…judicial economy would be best served as the Family Court and the attorneys representing Movant and the Debtor in the related proceedings are very familiar with the underlying facts of this much litigated matter." This statement is patently false. The Family Court has failed miserably to act in the best interest of the minor children while promoted unethical behavior of Movant's domestic attorneys by granting them $550,000.00 in advance legal fees.

37. After these baseless and unjustified advance fees were granted, the need for fees became a self-fulfilling prophecy. Indeed, by June of 2019, Movant asserted that she has exhausted the entire amount. That is less than six months from when the case was initiated. Additionally, Debtor has spent $250,000.00 in legal fees ($100,000.00 paid with $150,000 in unpaid bills) in an attempt to defend the offensive actions of Movant. Total of $800,000.00 should have gone towards our children's future, and not to enrich certain domestic attorneys and their children's future at the expense of our innocent minor children.

38. Similarly, rather for Movant's bankruptcy counsel to act in good faith and execute a Consent Order the Debtor has sought beginning November 9th, 2019, Mr. McCarthy too, chooses to willfully violate Rule 11 in a sanctionable manner and follow the footsteps of his predecessors. It is suspect indeed that Mr. McCarthy files this motion seeking in part, the same relief Debtor has been seeking. One should wonder, if this was merely a calculated move by Mr. McCarthy in hopes of not receiving an objection from the Debtor.

39. The bankruptcy court is the only proper venue that can put a stop to this frivolous, non-sense behavior of certain attorneys who firmly know, with the admission of Movant, that Debtor has no money. Movant has asserted multiple times that she knows Debtor is broke, he has not money and all of the money was gone prior to parties' divorce proceeding. Yet, in clear violation of Rule 11 and subject to serious sanctions, Movant's domestic counsels continue to harass, cause unnecessary delay, and needlessly increase the cost of litigation with no useful purpose. Almost twelve (12) months

of battling on every front, pocketing north of $550,000, litigating the parties into financial ruin, Movant's domestic counsels have achieved nothing positive for their client.

## CONCLUSION

For the reasons stated above, Debtor respectfully asks this Honorable Court to grant Movant's motion in part for relief from automatic stay to the extent it's only for 1) the establishment or modification of an order for domestic support obligations, 2) concerning child custody or visitation and, 3) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate. The Movant's request for other relief should be denied.

December 27th, 2019

Respectfully Submitted.

_____
AMIR GOLESTAN, Pro Se
Debtor in Possession and Movant
4639 Wilson Road
Meggett, SC 29449
(212) 200-2222 / amir@micfo.com

FILED

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

2019 DEC 30  AM 10: 46

US BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

IN RE:

Amir Golestan.

Debtor.

CASE NO: 19-05657-JW

CHAPTER 11

# CERTIFICATION OF FACTS

In the above-captioned Chapter 11 case, in which relief is south by Kristin M. Golestan ("Movant") from the automatic stay pursuant to 11 U.S.C. § 362(a), I hereby certify:

1. **Nature of Movant's Interest**: A divorce proceeding Charleston County Family Court for the Ninth Judicial Circuit, assigned case number 2018-DR-10-4289.

2. **Brief Description of Security Agreement, copy attached (if applicable)**:
   N/A

3. **Description of Property Encumbered by Stay (including serial number, lot and block number, etc.)**:
   N/A

4. **Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of the estate, etc.: include applicable subsection of 11 U.S.C. §362**

   11 U.S.C. § 362(b)(2)(A)(ii): for the establishment or modification of an order for domestic support obligations

   11 U.S.C. § 362(b)(2)(A)(iii): concerning child custody or visitation;

   11 U.S.C. § 362(b)(2)(A)(iii): for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate;

5. **Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).**

   See attached Temporary Hearing Order – Pendente Lite Order from Family Court.

6. **Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.)**:
   N/A

7. **Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra)**.
   N/A

8. **Month and Year in Which First Direct Post-Petition Payment Came Due to Movant (if applicable)**:
   November 2019

9.
   (a) **For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied**:
   N/A

   (b) **For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection**:

   10/31/2019: $2,500 via Zelle to Kristin Golestan
   11/29/2019: $2,500 via Zelle to Kristin Golestan
   11/29/2019: $2,500 via Zelle to Kristin Golestan
   12/12/2019: $2,500 via Zelle to Kristin Golestan
   12/23/2019: $2,500 via Zelle to Kristin Golestan
   **Total: $12,500.00**

   See attached Exhibit-E

10. **Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion**: December 15th, 2019

Charleston, South Carolina
December 27th, 2019

AMIR GOLESTAN, Pro Se
Debtor in Possession and Movant
4639 Wilson Road
Meggett, SC 29449
(212) 200-2222 / amir@micfo.com

## CERTIFICATE OF SERVICE

I, Amir Golestan, hereby certify that on December 27th, 2019 a copy of the foregoing Debtor's Objection to Kristin M. Golestan's Motion for Relief from Automatic Stay was filed with United States Bankruptcy Court District of South Carolina. A copy of the foregoing filing was served by FedEx Overnight Delivery to:

**G. William McCarthy, Jr.**
**Attorneys for Kristin M. Golestan**
1517 Laurel Street.
PO Box 11332
Columbia, SC 29211-1332
Tel: (803) 771-8836
bmccarthy@mccarthy-lawfirm.com

FILED
2019 DEC 30   AM 10: 47
US BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

_____
AMIR GOLESTAN, Pro Se
Debtor in Possession and Movant
4639 Wilson Road
Meggett, SC 29449
(212) 200-2222 / amir@micfo.com

Document    Page 14 of 14

