**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: **19-05657-jw**

**ORDER**

The relief set forth on the following pages, for a total of 16 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/10/2020**



*/s/ John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 02/10/2020

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 19-05657-JW |
| | Chapter 11 |
| Amir Golastan Parast a/k/a Amir Golestan, | **ORDER** |
| Debtor(s). | |

This matter is before the Court on the Application for Compensation filed on December 17, 2019 by Beal, LLC, former proposed counsel to Amir Golastan Parast a/k/a Amir Golestan[1] ("Debtor"), seeking allowance of compensation and reimbursement of expenses for the period of November 21, 2019 through December 13, 2019.  Debtor, who is now *pro se,* filed an Objection to the Application on January 9, 2020, which was supplemented on January 14, 2020.  A hearing was held on January 22, 2020.  Pursuant to Fed. R. Civ. P. 52, which is made applicable to this matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.[2]

## FINDINGS OF FACT

1.  Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 28, 2019.  At the time of the filing of the petition, Debtor was represented by Campbell Law Firm, PA.

2.  Debtor filed an Application to Employ Campbell Law Firm, PA on October 30, 2019, which was approved by the Court on November 20, 2019.

---

[1] While this matter was under advisement, Debtor filed amended schedules and statements, which changed his name of record from Amir Golestan to Amir Golastan Parast to match the name listed on his passport.
[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

3. At the Debtor's request, Campbell Law Firm, PA moved to withdraw as counsel for Debtor on November 14, 2019. On November 20, 2019, Debtor's former spouse, Kristin Golestan, filed an objection to the motion to withdraw, and therefore the Court conducted a hearing on the motion on December 13, 2019. The Court approved the Campbell Law Firm, PA's withdrawal as counsel by order entered December 16, 2019.

4. On or about November 21, 2019, Debtor contacted a second firm, Beal LLC ("Beal"), to request legal representation, ostensibly for the purpose of succeeding Campbell Law Firm, PA as counsel for the debtor in possession. To memorialize their agreement regarding representation in this bankruptcy case, Debtor and Beal signed an "Engagement Letter" on November 26, 2019. The Engagement Letter provided, in pertinent part, that:

> [Beal's] acceptance of this engagement is conditioned upon the immediate receipt of a retainer in the amount of $25,000. The retainer will be paid by Amin Golestan [Debtor's brother] and will be wired directly into our trust account. The $25,000.00 is a gift from Amin Golestan for your benefit. We will hold the retainer in our trust account as security until the end of the case or termination of this engagement and apply the retainer to any unpaid fees and costs….Notwithstanding execution of the engagement letter and funding of the retainer, your retention of Beal, LLC as counsel is also subject to Bankruptcy Court approval. If Beal, LLC is not approved by the Court on terms acceptable to Beal, LLC this Engagement Letter will be void and the retainer will be returned to Amin Golestan.

The Engagement Letter was signed by Debtor and Beal, but not by Amin Golestan.

5. On November 29, 2019, Debtor filed an Application to Employ Beal, LLC as attorney for Debtor pursuant to 11 U.S.C. §§ 327(a) and 328. The Application to Employ provides, among other things, that "[t]he retainer of $25,000 was funded as a gift from Amin Golestan to the Debtor. The Debtor's retention of Beal is conditional upon receipt by Beal of the $25,000 retainer and Bankruptcy Court approval of the terms of the engagement." The Application to Employ attached the Engagement Letter and an Affidavit of Michael Beal.

6.      On December 6, 2019, the United States Trustee ("UST") filed an objection to the Application to Employ, arguing that an affidavit of Amin Golestan was needed to provide reassurance that the retainer is in fact a gift from Debtor's brother and that Beal did not represent Amin Golestan, who is a creditor in Debtor's bankruptcy case.[3]

7.      On December 6, 2019, Debtor filed an Amended Application to Employ Beal, which attached an unsigned affidavit of Debtor's brother, Amin Golestan, stating that the payment of the $25,000 to Beal was a gift from Amin Golestan to Debtor. No executed affidavit of Amin Golestan was ever filed with the Court.

8.      On December 9, 2019, Beal filed on the docket a withdrawal of the Application to Employ, citing a breakdown in the attorney-client relationship, including Debtor's failure to cooperate and inability to communicate, as cause for the withdrawal. The Court approved the withdrawal at a hearing on December 13, 2019.

9.      On December 17, 2019, Beal filed and served the Application for Compensation ("Application") and Notice of Opportunity to Object.[4] The Application indicates that it is seeking the Court's approval of compensation of $36,632.75 in fees and $425.40 in costs for services performed as proposed counsel to Debtor from November 21, 2019 through December 13, 2019 pursuant to 11 U.S.C. §§ 330 and 331, SC LBR 2016-1 and Fed. R. Bankr. P. 2016. The Application itemized approximately 85 hours of services by attorneys and paralegals of the firm, including preparation for and attendance at Debtor's § 341 meeting of creditors and a Court ordered Rule 2004 Examination, preparation of an objection to relief from stay motion filed TBG

---

[3]    Amin Golestan is listed as a creditor on Schedule E/F filed by Debtor on November 11, 2019, as holding an unsecured claim in the amount of $278,000 for "Loans made to Debtor by brother for Consumer purposes."

[4]    The Application provided a 21-day objection deadline from the date of service, which was December 17, 2019 according to the Certificate of Service filed by Beal on December 19, 2019. Accordingly, the deadline to file an objection to the Application was January 10, 2020 under the "mailbox rule" set forth in Fed. R. Bankr. P. 9006(f), which provides that three days are added after the prescribed period would otherwise expire where service is by mail.

3

Funding, LLC, in addition to numerous meetings with Debtor and his creditors and case administration related matters. Beal requests that the Court authorize it to pay itself $25,000 from the retainer and allow an administrative claim under 11 U.S.C. § 503(b) for the balance.[5]

10. On January 8, 2020, Beal filed a Certificate of No Objection to the Application. This Certificate was filed prematurely under the mailbox rule set forth in Fed. R. Bankr. P. 9006(f), which allowed objections to be filed on or before January 10, 2020.

11. On January 9, 2020, Debtor filed an Objection to Beal's Application by email to the Clerk's Office staff, which merely notified the Court of an objection to the Application and failed to state any grounds for the objection. The January 9th Objection indicated that a further objection would be filed later that same day, but no further objection was filed that day.

12. On January 14, 2020, Debtor filed a Response and Objection to Beal's First and Final Fee Application. Debtor asserts that Beal's Application should be denied because Beal violated the automatic stay by encouraging him to participate in a global financial settlement meeting with Kristin Golestan, Beal breached their agreement, the requested fees are unreasonable and unnecessary, and Beal's services failed to provide a material benefit to the estate. Debtor requests that Beal be ordered to return the $25,000 retainer to his brother, Amin Golestan, and that any claims Beal has against the estate be dismissed.

13. On January 21, 2020, the day before the hearing on the Application, Beal filed a Statement of Dispute.[6] The Statement of Dispute was not filed jointly with Debtor and was filed after the deadline for its filing. The Statement of Dispute appears to have been served on Debtor

---

[5] In the Application itself, Beal neither characterizes the $25,000 retainer as non estate property nor requests that the Court conduct a reasonableness determination or seek other relief under § 329.

[6] The Statement of Dispute is a prehearing document, similar to a pretrial brief, required to be filed under the undersigned's Chambers Guidelines, which is intended to provide the Court with a brief summary of the positions of the parties and set forth a list of the witnesses to be called, exhibits to be presented, and authority to be relied upon during the hearing as well as provide an estimate of the time needed for the hearing. However, it may not serve to amend a pleading to raise new issues.

by email on January 21, 2020. In a footnote on the first page, Beal withdraws its request for the allowance of an allowed administrative claim under 11 U.S.C. § 503 for the fees and costs incurred that exceed the initial retainer, acknowledging that under the plain language of 11 U.S.C. § 330(a)(1), compensation to a debtor's attorney is not authorized from estate funds unless the attorney is employed under 11 U.S.C. § 327. Beal also indicates in that footnote that, through the Application, it seeks leave of the Court to pay a portion of its fees and costs from ***non-estate property*** in its possession (i.e., a $25,000 retainer). The Statement of Dispute also indicates that, as an alternative basis for recovery of its fees, Beal seeks compensation under a *quantum meruit* theory as an alternative basis for recovery of its fees. Under the "Statutory, Case Law or other Applicable Authority" section in that Statement, Beal lists 11 U.S.C. §§ 329, 330, 362 and 503 as statutory references for the Application.

14. On January 22, 2020, the Court held a hearing on the Application. At the hearing, the Court agreed with Beal and stated that an administrative expense claim could not be asserted against the estate under 11 U.S.C. § 503 for any fees and expenses asserted in the Application since the employment had not been approved.[7] Beal's primary argument appeared to be that the retainer was not property of the estate but was subject to review for reasonableness by this Court pursuant to 11 U.S.C. § 329, Fed. R. Bankr. P. 2016(b), and SC LBR 2016-1(a).[8] As understood by the Court, the determination of reasonableness under § 329 may provide a basis for Beal's application of the retainer to its outstanding fees. In addition, Beal further argued that the Court should disregard Debtor's objection to reasonableness because it was late filed or allow the fees

---

[7] While also listing § 503 as one of several Code sections being relied upon for the relief requested, including seeking leave from the Court to pay a portion of its fees from the retainer, no argument was presented under that section and the Court finds that § 503 applies to estate property only.
[8] South Carolina Local Bankruptcy Rule 2016-1(a) requires a retainer paid to a professional in a chapter 11 case to be placed in a trust account and not drawn on post petition without the approval of the Court.

5

under the theory of *quantum meruit*. Debtor appeared prepared to assert his objection on reasonableness grounds but overall stated that he believed that the Engagement Letter by its plain terms requires the return of the retainer to his brother because the application to employ was not approved due to Beal's withdrawal of it. Before undertaking a lengthy hearing involving the reasonableness of fees and attorney-client disputes, which included questions of the waiver of the attorney-client privilege, the Court indicated it would examine the newly asserted positions that the retainer was not property of the estate and the application of § 329 to this matter.

## CONCLUSIONS OF LAW

### I. Is Beal entitled to compensation as an attorney employed by Debtor in this Chapter 11 case?

In a Chapter 11 case, the employment and compensation of attorneys and other professionals by the debtor is governed by 11 U.S.C §§ 327 – 331.[9] *See* § 1107 (providing that "the debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties… of a trustee serving in a case under this chapter"). When a debtor in possession seeks legal representation, he must obtain court approval of his selection of an attorney under § 327(a), which requires that the proposed professional be a "disinterested person" and that the person not hold or represent an interest adverse to the estate. § 327(a); *In re Dunes Hotel Assoc.*, 1997 WL 33344280 (Bankr. D.S.C. Dec. 15, 1997) (setting forth the requirements for professional retention and payment of compensation to professionals in this district). Federal Rule of Bankruptcy Procedure 2014 sets forth the procedures to be followed and the disclosures to be made to obtain an order approving the employment of an attorney for a debtor in possession.[10] The requirements of § 327 serve "to

---

[9] Further references to the Bankruptcy Code shall be by section number only.
[10] Rule 2014(a) provides:

6

allow the Court an opportunity to perform a screening process, verify the necessity of the appointment, limit estate expenses and promote efficient administration of the bankruptcy estate." *In re Alexander*, 469 B.R. 684 (Bankr. W.D.Ky 2012).

Compliance with § 327(a) is mandatory in order to obtain the Court's approval of compensation from the bankruptcy estate under § 330. *See Lamie v. U.S. Trustee,* 540 U.S. 526 (2004) (holding that "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327"). Section 330, which governs compensation of professional persons employed by a debtor in possession, provides:

> After notice to the parties in interest and the United States Trustee and a hearing, . . . the court may award to a . . . professional person employed under section 327 or 1103-
> (a)     reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
> (b)     reimbursement for actual, necessary expenses.

Rule 2016 sets forth the requirements of a fee application, including a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.[11] As

---

[11] An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and …a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, and other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Rule 2016(a) provides:
**(a) Application for compensation or reimbursement**
An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or

7

indicated by the plain language of § 330, the Court's approval of a professional's employment under § 327 is a necessary predicate for obtaining compensation under § 330. "A debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation." *Lamie v. U.S. Trustee,* 540 U.S. 526 (2004). "A professional who performs services for a debtor in possession without first securing an order approving employment will be treated as a volunteer notwithstanding that the services rendered may have been beneficial to the bankruptcy estate." *In re Rennie Petroleum Corp.,* 384 B.R. 412 (Bankr. E.D.Va. 2008) (citing *In re Fountain Bay Mining Co.*, 46 B.R. 122, 124 (Bankr.W.D.Va.1985)).[12]

Beal withdrew its Application to Employ before the Court approved its employment and has not filed an application to reconsider or sought *nunc pro tunc* approval of its employment. The Application for Compensation before the Court seeks approval of compensation pursuant to 11 U.S.C. §§ 330 and 331, SC Local Rule 2016-1 and Fed. R. Civ. P. 2016. The Application, as filed, requests that the Court authorize Beal to pay itself $25,000 from the retainer and allow an administrative claim under § 503(b) for the balance. In its Statement of Dispute filed the day before the hearing on the Application, Beal withdrew its request for the allowance of an allowed administrative claim for the fees and costs incurred that exceed the initial $25,000 retainer, conceding that the applicable statutory and case law do not allow it to pursue an administrative claim because it was not employed as Debtor's counsel under § 327.[13] Beal further asserted in its

---

agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. Unless the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

[12] However, SC LBR 2014-1 provides that upon entry of an order approving an application for employment pursuant to 11 U.S.C. § 327, employment is effective from the date of the filing of the application, unless otherwise ordered by the Court.

[13] This would apply to the full compensation amount as well, to the extent that the $25,000 retainer is estate property.

Statement of Dispute that the retainer received from Debtor's brother is not property of the estate. At the hearing, Beal appeared to argue that because it is seeking payment from non-estate funds, it is not subject to the strict requirements of § 330(a), requiring employment under § 327, and Rule 2016(a), requiring an application for compensation to be filed. Instead, Beal appeared to argue that if it met the disclosure requirements of § 329, Rule 2016(b), and SC LBR 2016-1(a) and obtained the Court's determination that its requested fees and costs are reasonable, it could use the retainer to pay its fees and costs.[14]

Debtor objects to the Application, arguing that Beal breached its agreement with Debtor, Beal violated the automatic stay, and its fees are unreasonable and unnecessary. Debtor seeks an order requiring Beal to return the $25,000 retainer to his brother. As an initial matter, Beal argues that Debtor's objection should not be considered because it was untimely.[15] However, Beal's primary grounds or requests for relief asserted at the hearing were pursuant to § 329 and *quantum meruit*, grounds which were not included in the Application and were revealed for the first time in its Statement of Dispute.[16] Since the Statement of Dispute was not filed until the day before the hearing, the Court cannot bar Debtor's objection as untimely since he had no meaningful

---

[14] Rule 2016(b) provides:
**(b) Disclosure of compensation paid or promised to attorney for debtor**
Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

[15] The Court further observes that Debtor's indication of objection appears to have been timely submitted, but it lacked specific grounds and arguments. A more detailed objection was not filed until January 14, 2020, which Beal asserts was "ghostwritten" by an undisclosed counsel. The Court need not address these issues at this time as stated below.

[16] Beal's § 329 argument was only indicated within its Statement of Dispute in a footnote and list of several Code sections regarding employment and compensation.

opportunity to respond to these new grounds or requests for relief, nor can the Court conclude that Amin Golestan waived any objection or interest in the retainer.[17]

Beal's Application expressly seeks approval of fees pursuant to §§ 330 and 331. Since Beal was not employed under § 327, the Court agrees that it cannot approve any fee award under §§ 330 or 331 and therefore must deny the Application to the extent it seeks a fee award under those sections. *See Lamie v. U.S. Trustee,* 540 U.S. 526 (2004).

Beal also argued in its Statement of Dispute that it was entitled to compensation under a *quantum meruit* theory. However, South Carolina law provides that if an express contract exists which covers the services for which a party is seeking compensation, the party may not recover under *quantum meruit*. *Swanson v. Stratos*, 350 S.C. 116, 122, 564 S.E.2d 117, 120 (Ct.App.2002). Furthermore, "[t]he Bankruptcy Code does not provide for attorney's fee awards based on state law theories, such as *quantum meruit*." *In re Carwile,* 460 B.R. 464,466 (Bankr. W.D.Ky. 2011). *Quantum meruit* cannot be used to supersede the Bankruptcy Code's requirement for court approval of professionals. *In re Copeland,* C/A No. 10-08956-DD, 2011 WL 2460852, at *3 (Bankr. D.S.C. 2011). Therefore, Beal cannot recover compensation under this theory.

Finally, Beal argues that the retainer is not property of the estate, and therefore the Court should review the fee request for reasonableness under § 329 and SC LBR 2016-1(a) to allow his payment. Section 329 requires counsel for the debtor to file a statement disclosing the compensation paid or agreed to be paid, ***regardless of source***, and provides that if the compensation exceeds the reasonable value of services provided, the Court can cancel the fee agreement or order disgorgement of any payment ***to the extent excessive*** to the estate or to the

---

[17] While it appears that Beal attempted to serve Amin Golestan with the Application, Beal reported to the Court that it was returned as undeliverable. It does not appear that Amin was served with a copy of the Statement of Dispute.

10

entity that made the payment to counsel. § 329(b) (emphasis added). The requirements of disclosure by counsel under § 329 are mandated even if a debtor's attorney intends to receive no compensation from the estate. § 329(a) ("Any attorney representing a debtor in a case under this title …, *whether or not such attorney applies for compensation under this title, shall* file with the Court a statement of the compensation paid… and the source of such compensation.") (emphasis added); *In re Gay,* 390 B.R. 562 (Bankr. D.Md. 2008) ("Counsel must disclose the agreed amount of compensation for services rendered in connection with the case as well as the source of such compensation, regardless of whether counsel will seek compensation from the estate.") However, where compensation is from a non-estate source, courts have held that review under § 329 is not mandatory, but discretionary. *David & Hagner, P.C. v. DHP, Inc.,* 171 B.R. 429 (D.D.C. 1994), *aff'd,* 70 F.3d 637 (D.C. Cir. 1995) ("Notwithstanding the absence of any requirement to apply for the award of fees paid by a non-estate source, the bankruptcy court may review, under Section 329, the reasonableness of such fees. As noted above, this authority is discretionary.") Furthermore, § 329(b) allows Court action if the fee is excessive, hardly the position advocated by Beal. However, the Court finds that Beal complied with its disclosure obligations under § 329, Rule 2016, and SC LBR 2016-1(a).

## II. Is the $25,000 retainer fee property of the estate?

Beal asserts that the retainer fee is a gift to Debtor and not property of the estate. The retainer fee was received by Beal post petition, directly in a payment from Debtor's brother. The Engagement Letter provides:

> [Beal's] acceptance of this engagement is conditioned upon the immediate receipt of a retainer in the amount of $25,000. The retainer will be paid by Amin Golestan [Debtor's brother] and will be wired directly into our trust account. *The $25,000.00 is a gift from Amin Golestan for your benefit.* We will hold the retainer in our trust account as security until the end of the case or termination of this engagement and apply the retainer to any unpaid fees

11

> and costs….Notwithstanding execution of the engagement letter and funding of the retainer, your retention of Beal, LLC as counsel is also subject to Bankruptcy Court approval. *If Beal, LLC is not approved by the Court on terms acceptable to Beal, LLC this Engagement Letter will be void and the retainer will be returned to Amin Golestan.* (emphasis added)

Debtor argued the funds belong to his brother and should be returned to his brother under the express terms of the Employment Agreement because Beal was not approved by the Court as counsel.

Since under § 541(a)(7), property of the estate includes "any interest in property that the estate acquires after commencement of the case," whether the retainer fee is property of the estate depends upon whether the transfer of the retainer fee to Beal meets the requirements of a gift to Debtor under South Carolina law.[18] In *McLeod v. Sandy Island Corp.,* the South Carolina Supreme Court stated that under South Carolina law, "[a] gift has been judicially defined as a voluntary transfer of property by a person to another without any consideration or compensation to the donor." 216 S.E.2d 746 (S.C. 1975). In order to be legally binding, the gift must have no strings attached. *Watkins v. Hodge*, 232 S. C. 245, 248, 101 S. E. 2d 657, 658 (1958). Delivery that is sufficient to support a gift "must be absolute and unqualified: it must transfer possession to the donee, and vest in him a present and irrevocable title; it must vest the donee with, and divest the

---

[18] The nature and extent of a debtor's interest in property is determined under state law. *Butner v. U.S.,* 440 U.S. 48, 54-55 (1979). Under South Carolina law, a retainer held by an attorney to secure payment of fees for future services is sometimes called a "special retainer." *See* John Freeman, *Understanding Retainer Fees*, S.C. Law., September 2006, at 10. Under S.C. Rules of Professional Conduct 1.15, any unearned portion of a special retainer must be returned to the client. A "special retainer" in South Carolina appears to be similar to what other jurisdictions call a "security retainer." Courts in other jurisdictions have held that funds held by debtor's counsel as security retainers remain property of the estate until the attorney applies for the payment of funds for the services rendered. *See In re King,* 392 B.R. 62, 70 (Bankr. S.D.N.Y. 2008) (stating that a debtor retains an interest in the funds in a "security" retainer until services are rendered by the attorney and therefore such a retainer is property of the estate); *In re Carolina Premier Med. Grp., P.A.,* No. 00-82322, 2001 WL 1699220, at *3 (Bankr. M.D. N.C. 2001) (finding that funds comprising a security retainer remain property of the estate until the attorney applies for the payment of funds for services rendered.). However, these cases addressed transfers of retainer fees directly from the debtor and therefore debtor clearly had an interest in the funds prior to the transfer to the attorney. While it appears from the language of the Engagement Agreement that Beal and Debtor intended for the retainer to serve as security for future services, in order to become property of the estate, Debtor would have to acquire an interest in the funds before or at the time of the transfer to Beal's trust account.

donor of, control and dominion over the property." *Id.* "In order to constitute an effectual delivery, the donor must not only have parted with the possession of the property, but he must also have relinquished to the donee all present and future dominion and control over it, beyond any power on his part to recall." *Id.*

The Engagement Letter provides that "[t]he $25,000 is a gift from Amin Golestan for your benefit." It further provides that "[i]f Beal, LLC is not approved by the Court on terms acceptable to Beal, LLC this Engagement Letter will be void and the retainer will be returned to Amin Golestan." The second sentence places a condition upon the purported gift, indicating that the donor, Amin Golestan, has not relinquished future dominion and control over it, since he may have a future right to receive the funds if the Court does not approve Beal's employment on terms acceptable to Beal. Furthermore, after the initial Application to Employ was filed, the UST objected to the Application, asserting a possible conflict of interest due to the payment of the retainer by Debtor's brother, who is a creditor in the case, and requested a signed affidavit or declaration from Amin Golestan stating that he understands that Beal is not representing him and that he is not seeking repayment of the retainer. Debtor filed an amended Application to Employ, attaching an unsigned affidavit of Amin Golestan, but no signed affidavit was ever filed with the Court. Beal reported to the Court that he was unable to obtain Amin Golestan's signature on the affidavit stating that the transfer of the funds was a gift. The Court observes that Beal's inability to obtain Amin's signature on the affidavit suggests that an unconditional gift to Debtor was not intended. It also appears that the retainer fee was paid directly by Amin to Beal without receipt or control by Debtor. Based on the terms of the Engagement Letter, the Court finds that the retainer fee does not constitute a gift to Debtor under South Carolina law and therefore is not property of the estate.

Since the retainer fee is not property of the estate, it is not subject to this Court's jurisdiction, except with regard to the Court's powers under § 329 to order an attorney for the debtor to disgorge the fees in the event they are determined to be excessive. *Scott v. Bierman,* 429 Fed. Appx. 225, 230 (4th Cir. 2011) (stating that "a bankruptcy court's jurisdiction does not extend to property not part of a debtor's estate"). However, § 329 does not provide an alternative mechanism for the Court to affirmatively approve payment of fees where an attorney was not employed pursuant to § 327 and is therefore ineligible for compensation under §§ 330 and 331. To allow such an approach would be contrary to the strict employment procedures for professionals hired by a debtor set forth in the Bankruptcy Code and Rules. Section 329 merely allows the Court the discretion to order the return of excessive compensation paid to an attorney representing a debtor to the estate or entity that made such payment. In addition, SC LBR 2016-1(a) should not be read to authorize or require court approval of any draw on the retainer in this case which has been determined not to be property of the estate

In this case, the reasonableness of Beal's fee request is highly contested by Debtor and appears to involve a third party with an interest in the funds (Amin Golestan), who is not before the Court. In concluding the retainer is not property of the estate, it appears that Debtor lacks standing to object (although he may be appropriately called as a fact witness). The remaining controversy appears to be primarily a two-party contractual dispute between Beal and a non-debtor third party, Amin Golestan, regarding non-estate property.[19] Although the Certificate of Service for the Application filed by Beal indicated that Amin Golestan was provided with notice of the Application,[20] the grounds for relief set forth in the Application, §§ 330 and 331, were abandoned

---

[19] While Debtor could be a witness regarding the dispute, it appears that Debtor may not have standing to object to reasonableness of the fees since the disputed retainer is not property of the estate.

[20] Beal advised the Court that the Notice mailed to Amin Golestan was returned as undeliverable.

14

or are denied, and Amin Golestan had no notice of or meaningful opportunity to respond to the grounds or arguments actually relied upon by Beal at the hearing: § 329. It further appears that Amin Golestan may argue rights to the retainer fee under the plain language of the Engagement Letter, which require the return of the retainer fee to Amin Golestan in the event Beal was not employed by the Court.

Although the Court recognizes that Beal properly complied with its disclosure requirements regarding compensation under § 329(a), Rule 2016(b) and SC LBR 2016-1(a), under the circumstances, a determination of whether the fees charged are excessive under § 329(b) appears unnecessary because it could not provide a means or mechanism to authorize payment to Beal by order of the Court. In addition, it would require extensive court resources, and all necessary parties are not properly before the Court. Therefore, the Court declines to make a § 329 review at this time. Accordingly, the Application, as filed and noticed, is denied without prejudice. Nevertheless, a review of the record in this case indicates that Beal provided and Debtor relied upon valuable legal services rendered in connection with this case and that the failure to provide Beal with any compensation may be an unjust result. Under the Application and arguments before the Court at this time, the Court cannot determine a means of payment of compensation. If Beal has any further request for relief from this Court regarding its compensation in this case, it shall file such request within twenty (20) days of the entry of this Order.[21]

**AND IT IS SO ORDERED.**

---

[21] Likewise, the findings of this Order are not intended to preclude the consideration of rights to the retainer as non estate property between Beal and nondebtor Amin Golestan in state court or other dispute resolution forum.