**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>**Amir Golastan Parast, a/k/a Amir Golestan,**<br><br>**Debtor.** | Case # 19-05657-jw<br><br>Chapter 7 |

**ORDER AUTHORIZING SALE OF ROLEX WATCH**

This proceeding comes before the Court on the application of Michelle L. Vieira, Trustee, for authority to sell a certain 40mm Everose Gold Men's Rolex Watch, which was characterized by the Trustee as nonmarital property belonging to the Debtor, not subject to exemption. The application sought to sell the watch to the Debtor and indicated that the Debtor would provide a sworn affidavit regarding the source of funds for such purchase. However, the Trustee reports that the Debtor did not provide a sufficient affidavit to the Trustee, and the Debtor failed to appear at the hearing held on the application on July 21, 2020. The Trustee now seeks authority to sell the watch to Bob's Watches, an independent buyer, for the sale price of $18,150.00, which offer was attached to the application and served on all parties in interest.

A limited objection was filed by the Debtor's estranged wife, Kristin M. Golestan. She does not oppose the sale of the watch to Bob's Watches, but she alleges that the watch is a marital asset in which she has an interest as a result of pending domestic litigation. Counsel for Ms. Golestan raised issues as to the propriety of sale under § 363(f) and argued that the sale should be under § 363(h), as her marital interest in the watch is clear as a matter of state law. It was quickly apparent during argument that the trustee and Ms. Golestan do not agree, at this point in time, as to whether the watch is marital property, or even transmuted property by virtue of a pawn redemption using marital funds, subject to equitable distribution. The Family Court litigation, in which such issues have been and are being raised, has not finally determined the issue, however, the existence of litigation does not finally determine whether a dispute is bona fide. Nonetheless, Ms. Golestan wishes the sale to go forward, reserving her rights either as co-owner or a disputing litigant. The Court finds that whether the watch is a

marital asset and whether Kristin M. Golestan has an interest in the watch may be determined at a later time. Therefore, the Court finds that the watch should be sold with Ms. Golestan's interest, as later established, attaching to the proceeds of sale, all of which shall be held by Trustee pending further order of the court.

NOW, THEREFORE,

IT IS ORDERED, ADJUDGED, AND DECREED that the Trustee is authorized to sell and to convey the above-described property to Bob's Watches for the sum of $18,150.00. This Order is without prejudice to Kristin M. Golestan asserting and proving an interest in the watch in connection with the litigation pertaining to the identification of marital assets and the determination of equitable distribution pending in the Family Court, a determination by the bankruptcy court, or to an approved settlement with the bankruptcy estate.

IT IS FURTHER ORDERED that the Trustee will hold the proceeds of sale subject to further Order of the Court.

IT IS SO ORDERED.

**FILED BY THE COURT**
**07/22/2020**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 07/22/2020