#### UNITED STATES BANKRUPTCY COURT
#### DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| In re,<br><br>Amir Golastan Parast,<br><br><br>Debtor. | Case No. 19-05657-dd<br><br>Chapter 7<br><br>**ORDER** |

This matter comes before the Court on a motion filed April 23, 2021 by Kristin M. Golestan, the estranged wife of the debtor, seeking an order requiring payment to her of the debtor's homestead exemption pursuant to 11 U.S.C. § 522(c)(1). The debtor filed an objection to the motion on May 17, 2021 and the Court held a hearing on May 25, 2021. Based on the record, the motion is granted.

### BACKGROUND

The debtor filed his chapter 11 voluntary petition on October 28, 2019. The debtor's chapter 11 case was converted to a case under chapter 7 on February 14, 2020. The debtor owned property located at 4639 Wilson Road, Meggett SC ("Meggett House"), in which the debtor claimed a $60,975 homestead exemption. There was no timely objection to the exemption claim. The trustee filed a motion to sell the Meggett House on February 16, 2021. Mrs. Golestan filed a limited response to the motion, preserving her rights pursuant to § 522(c)(1). This Court authorized the sale on March 17, 2021, the sale closed, and the trustee filed a report of sale on April 8, 2021. The Order authorizing the sale provided "the Debtor's homestead exemption in the amount of $60,975 shall be held by the Trustee pending further order of the Court." The trustee, in response to Mrs. Golestan's motion, seeks direction from the Court for distribution of the funds.

1

While the matter of the Meggett House sale proceeded, the debtor, Mrs. Golestan, and the trustee settled several other disputes. A consent order was entered April 7, 2021 and provides, among other things, Mrs. Golestan with an allowed $850,000 domestic support claim, nondischargeable pursuant to § 523(a)(5). Mrs. Golestan seeks to apply the debtor's homestead exemption to reduce her claim pursuant to § 522(c)(1). The debtor objected stating that the motion was premature, and that Mrs. Golestan should first look to other assets before attaching his exempt funds.

## ANALYSIS

Section 522(c)(1) provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt has arisen, before the commencement of the case, except—
(1) a debt of a kind of specified in paragraph (1) or (5) of section 523(a)(in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph).

Section 523(a)(5) provides:

(a) discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(5) for a domestic support obligation.

Pursuant to the terms of the consent order, Mrs. Golestan holds a $850,000 non-dischargeable domestic support claim pursuant to § 523(a)(5). She contends that § 522(c)(1) entitles her to the debtor's homestead exemption. The debtor concedes that Mrs. Golestan holds a non-dischargeable domestic support claim and that § 522(c)(1) allows her to attach his homestead exemption to apply to that claim. The debtor, however, expressed concerns that Mrs. Golestan would not credit the funds to reduce her

2

claim and questioned how other funds would be applied to reduce both Mrs. Golestan's claim and other nondischargeable claims.

During the hearing, it became apparent to the Court and to the parties that there was no actual dispute regarding the matter. Mrs. Golestan conceded that her domestic support claim will be reduced by the funds received from the homestead exemption. Debtor acknowledges the payment priority for Mrs. Golestan claim and desires to reduce her claim and ensure that funds from future distributions will be applied to her claim and other priority claims to reduce his post-bankruptcy exposure for non-dischargeable claims. The motion is granted. The trustee shall distribute the $60,975 to Mrs. Golestan and her claim will be reduced upon receipt of the funds from the trustee.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/26/2021**



Entered: 05/26/2021

David R. Duncan
US Bankruptcy Judge
District of South Carolina